Evans V. Brewster, S.
Submitted for probate is an instrument dated June 2, 1975 consisting of four pages bound together within a cover and held together by two staples. The signatures of the testatrix and the subscribing witnesses together with the attestation clause appear on page three. The fourth page which is captioned "Schedule A Last Will and Testament of Jane Rifiee Powell” contains four specific bequests of personalty, to named individuals. It is dated June 2, 1975 and while it contains the signature of the testatrix at the end thereof, the signature is not witnessed. Article Fourth of the will provides in pertinent part as follows: "I hereby bequeath to my cousins * * * my items of personal property * * * asking that they make such distribution of the items as *636 is included in separate memorandum according to my desires. (Schedule A — Annexed)”.
The issue before the court is whether this instrument, together with the fourth page affixed thereto, should be admitted to probate despite the mandate of EPTL 3-2.1 (subd [a], par [1]) which requires that a will "shall be signed at the end thereof by the testator”.
Two of the subscribing witnesses have been examined. Their testimony establishes that the statutory formalities required for due execution of a will have been complied with as to the first three pages of the instrument. Neither witness, however, could recall seeing the fourth page of this instrument when they affixed their signatures at the request of the testatrix to page three of the instrument, nor could they recall whether the pages of the instruments were bound together with a cover. One of the witnesses, however, did state that she was certain that the pages of the instrument were stapled together at the time of execution.
An examination of the instrument reveals significant facts: (1) the paper of all four pages of the instrument is of the same brand and grade; (2) the type on all four pages appears to be from the same typewriter; (3) the staples holding the cover and the four pages have never been removed; (4) the handwriting on pages three and four of the instrument appear to have been v/ritten with the same pen, and (5) the signature on page four of the instrument appears to be the same signature as that identified as the signature of testatrix on page three of the instrument.
The fourth page of the instrument offered for probate, while containing the same date as the will and signed by the testatrix, is not witnessed. As a separate instrument it was not executed in conformity with the statutory rules governing the execution of wills. These statutory rules, as well as those judicial pronouncements concerning the incorporation into wills of extraneous writings, are designed to eliminate the possibility of fraud and mistake. The beneficial purpose of the rules, however, should not be subverted by raising form above substance. In Matter of Fowles (222 NY 222, 233), Judge Cardozo stated: "It is plain * * * that we are not to press the rule against incorporation to 'a drily logical extreme’ (Noble State Bank v. Haskell, 219 U.S. 104, 110). We must look in each case to the substance. We must consider the reason of the rule, and the evils which it aims to remedy.”
*637 Where, as here, the writing is clearly identified by specific reference, "(Schedule A — Annexed)”, and circumstances are present which exclude any reasonable possibility of chicanery or mistake (Matter of Rausch, 258 NY 327), it would thwart the intention of the testator to deny its probate and carry the rules to a "drily logical extreme”. Despite the uncertainty of the subscribing witnesses as to the existence of the fourth page of the instrument, the aforesaid facts concerning the physical characteristics of the instrument, along with the specific reference contained in article Fourth of the will to the page in question, lead to the inescapable conclusion that the page was attached to the instrument offered for probate at the time of its execution and was intended by the testatrix to be an integral part thereof.
Tonnele v Hall (4 NY 140) is similar in circumstances to the case at bar. In that case a separate, unattached and unwitnessed page, which contained a devise of a parcel of real property, followed the subscription page. This page together with the other pages of the will were securely bound together. The Court of Appeals held that the contents of the page should be deemed to have been constructively inserted before the subscription page. The court stated (pp 144-145): "It is a sound principle, that such a construction ought to be put upon a statute as may best answer the intention which the makers had in view, and that is sometimes to be collected from the cause or necessity of making it, at other times from other circumstances. Whenever the intention can be discovered it ought to be followed with reason and discretion in its construction, although such construction may seem contrary to its letter.” Upon all the circumstances a similar finding is made herein and the page entitled "Schedule A Last Will and Testament of Jane Riffee Powell” shall be deemed to have been constructively inserted before the subscription page.
Accordingly, the court determines that the propounded instrument dated June 2, 1975 was duly executed in accordance with EPTL 3-2.1. The competency of the decedent to make a will and her freedom from restraint having been established, said propounded instrument including the fourth page fastened to said instrument, will be admitted to probate as the last will of decedent.