■ In the Matter of the Estate of META BACH, Deceased. PIERRE C. HABER, Respondent; LORE R. METZGER, Appellant.— In a contested probate proceeding, the objectant appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Kings County (Bloom, S.), dated April 11, 1986, as, upon a ruling made after close of all the evidence at a jury trial dismissing all her objections as a matter of law, dismissed her third objection alleging that the will was procured by the undue influence of the petitioner, admitted the will to probate and awarded letters testamentary to the petitioner.

Ordered that the decree is reversed insofar as appealed from, on the law, the words "and was not under restraint" are stricken from the first decretal paragraph thereof and a provision dismissing the appellant's first and second objections is substituted therefor, the second and third decretal paragraphs thereof are stricken, and the matter is remitted to the Surrogate's Court, Kings County, for a new trial on the appellant's third objection consistent herewith, with costs to abide the event payable out of the estate.

The testimony at the trial established that the decedent Meta Bach had executed a will in 1977 which would have distributed her estate equally to her two sisters, who were then living, and the proponent of the will in question, Pierre Haber, the surviving son of a third sister. In the event either of Bach's two sisters predeceased her, their shares would go to the objectant, Lore Metzger, the daughter of one of those sisters. In December 1977 Bach fractured a hip bone and Haber came to her aid and assisted her in getting to the hospital. A few days after Bach's accident, Haber ended his employment as a tenured college professor and devoted his energies to assisting his aunt in her affairs, primarily acting as her financial advisor. Specifically, Bach executed a power of attorney in favor of Haber; Bach's securities were removed from her safe-deposit box by Haber and he transferred them

to a box in his name; Bach's bank accounts were transferred by Haber into an account in the joint names of Bach and Haber, and Haber signed Bach's name on the account application at her request; Haber arranged for the dividend checks from Bach's securities to be deposited directly into another joint account which was opened in a similar fashion; and the bank statements from the joint accounts were sent to Haber's home although the proxy materials were sent to Bach. In addition, Haber assisted Bach in finding various nursing homes wherein she resided after her 1977 accident and until her death in 1984.

In 1981, Haber drafted and typed a new will for Bach which named Haber as the sole beneficiary and executor of her estate. Although by that time Bach's two sisters had died, no provision was made in the new will for Lore Metzger.

At the trial, Haber explained that he had opened the joint accounts, transferred the securities to his safe-deposit box and prepared the second will, all at the request of his aunt. He thought Bach had changed her will because he had rescued her after her 1977 accident and he was the only relative who visited her and cared for her while she was in the nursing homes; albeit, Haber admitted that Bach's other relatives visited her infrequently.

On appeal, the objectant Metzger's sole argument is that the trial court should have submitted to the jury the issue of whether Haber had unduly influenced Bach in naming him as sole beneficiary of her estate. We agree. Undue influence " 'can be shown by all the facts and circumstances surrounding the testator, the nature of the will, his family relations, the condition of his health and mind, his dependency upon and subjection to the control of the person supposed to have wielded the influences, the opportunity and disposition of the person to wield it, and the acts and declarations of such person' " (Matter of Anna, 248 NY 421, 424, quoting from Rollwagen v Rollwagen, 63 NY 504, 519). "Although the burden of establishing that there has been undue influence in a particular case rests upon the objectant and does not shift, where there is a confidential relationship between the decedent and the beneficiary/drafter of the will, the mere fact of the bequest, standing alone, permits an inference of undue influence, and the drafter then has the burden of offering an explanation, alternative to his influence, for the contested will" (Matter of Collins, 124 AD2d 48, 54).

In this case, the jury could have found that a confidential

relationship did exist between Bach, a woman of advanced years, and Haber, who drafted her will, in which he was named as sole beneficiary. Specifically, the evidence showed that Haber had control over all of Bach's assets and was managing her financial affairs. Although Haber had offered an explanation as to why Bach had executed a will in his sole favor, such testimony merely created a question of fact for the jury as to whether the proffered explanation was adequate *(see, Matter of Burke,* 82 AD2d 260, 274; *Matter of Elmore,* 42 AD2d 240, 241). Since the court erred in removing the question of undue influence by the proponent from the consideration of the jury, the decree must be reversed insofar as appealed from and a new trial held on this issue only. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.