■ In the Matter of the Estate of ANNA M. TOKARZ, Deceased. CATHERINE PETERSON, Appellant; DAVID M. KRUG, Respondent. [605 NYS2d 365] —In a contested probate proceeding, the objectant Catherine Peterson appeals from a decree of the Surrogate's Court, Westchester County (Brewster, S.), dated December 14, 1990, which, after a jury trial, set aside

the jury's verdict, dismissed her objections, and admitted the will of Anna Marie Tokarz, dated November 26, 1985, to probate.

Ordered that the decree is reversed, on the law, with costs to the appellant payable out of the estate, the verdict is reinstated, the objections relating to testamentary capacity and undue influence are sustained, the petition to admit the subject will to probate is denied, and the matter is remitted to the Surrogate's Court, Westchester County, for further proceedings consistent herewith.

On a posttrial motion for judgment as a matter of law (see, CPLR 4404 [a]), "the trial court must determine from the evidence presented * * * whether any rational basis exists for the conclusion * * * reached by the jury (Cohen v Hallmark Cards, 45 NY2d 493, 499; Palermo v Gambitsky, 92 AD2d 1005, 1006). The test is not whether the jury erred in weighing the evidence presented, but whether any viable evidence exists to support the verdict (Barker v Bice, 87 AD2d 908)" (Kozlowski v City of Amsterdam, 111 AD2d 476, 477).

A reading of the Surrogate's decision makes clear that, in granting the proponent judgment as a matter of law, he impermissibly engaged in an assessment of the credibility of the witnesses. Given the existence of conflicting evidence, or at least the possibility of drawing conflicting inferences from undisputed evidence, the issue of the testator's capacity was one for the trier of fact to determine (see, Matter of Kumstar, 66 NY2d 691). So too was the issue of undue influence, as there was sufficient evidence adduced at trial which, if believed by the jury, was adequate to sustain the objectant's burden of proof on that issue (see, Matter of Burke, 82 AD2d 260, 268-274). Thus the Surrogate acted in excess of his authority when, after the jury returned with a finding that the subject will was the result of undue influence and that the testator lacked the capacity to execute the will, he granted the proponents of the will judgment as a matter of law.

Moreover, on this record it cannot be said that the jury's verdict was against the weight of the credible evidence (see, CPLR 4404 [a]). Thus that verdict is hereby reinstated. Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.