OPINION OF THE COURT
Eve Preminger, S.
The objectants in this contested probate proceeding move for reargument of this court’s September 23, 1993 decision. Petitioners cross-move for summary judgment dismissing the objections.
Decedent died on July 7, 1992. Petitioners, as nominated coexecutors, seek to admit to probate an instrument executed June 10, 1981 and two codicils. The sole residuary beneficiary *456 is Lawrence Karnbad (Karnbad),[1] who began acting as accountant and financial advisor for decedent and her husband in 1970.[2] The issue before the court is whether this fact, without more, raises an inference of undue influence.
Decedent’s distributees, all first cousins once removed, filed objections to probate alleging lack of due execution, lack of testamentary capacity, and fraud and undue influence by Karnbad. In July 1993, petitioners moved for summary judgment dismissing the objections. That motion was denied, with leave to renew upon completion of discovery. Discovery has now been completed. Objectants move to reargue the earlier decision to the extent that it permitted petitioners to renew their summary judgment motion upon completion of discovery. Petitioners’ cross motion is, in essence, a renewal of their prior summary judgment motion.
Although summary judgment is rarely granted in probate proceedings, such relief should not be withheld where the proponent has established a prima facie case in favor of probate and the objectant makes mere conclusory allegations which fail to raise triable issues of fact. (Matter of Goldberg, 180 AD2d 528; Matter of Philip, 173 AD2d 543; Matter of Swain, 125 AD2d 574; Matter of Cioff, 117 AD2d 860.)
On these motions objectants have apparently abandoned their objections based on lack of due execution and testamentary capacity. Summary judgment dismissing those objections is therefore granted.
As for the objection alleging undue influence, objectants argue that the mere existence of the confidential and fiduciary relationship between Karnbad and the testator gives rise to an inference of undue influence, creating a question of fact sufficient to submit this case to a jury. The court disagrees for the reasons set forth below.
It is well settled that where a beneficiary under a will was in a confidential or fiduciary relationship with the testator, and was involved in the drafting of the will, an inference of *457 undue influence arises. (See, e.g., Matter of Putnam, 257 NY 140 [attorney-draftsman]; Matter of Collins, 124 AD2d 48 [accountant prepared will, and escorted testator to bank where will was executed]; Matter of Satterlee, 281 App Div 251, 253 [doctor was close friend of attorney-draftsman; evidence that they "collaborated to their benefit and (testator’s) detriment”]; Matter of Halsband, NYLJ, Feb. 15, 1994, at 25, col 3 [home-care attendant retained and communicated with attorney-draftsman].) Although the inference does not shift the burden of proof on the issue of undue influence, it places the burden on the beneficiary to explain the circumstances of the bequest. (Matter of Bach, 133 AD2d 455; Matter of Collins, supra.) The adequacy of the explanation is a question of fact for the jury. (Matter of Bach, supra; Matter of Burke, 82 AD2d 260.)
There is no evidence whatever in the present record that Karnbad had any direct or indirect involvement in the drafting of decedent’s will. His deposition testimony and the affidavits of the draftsman, Abe Siegel, state that Karnbad played no role in choosing Siegel (a member of a law firm that had previously rendered legal services to decedent’s husband) as the draftsman; that Siegel met with decedent to ascertain her wishes prior to drafting her will; and that Siegel and Karnbad had never met or communicated with each other prior to preparation of the will. These assertions are uncontradicted. Objectants, after conducting extensive discovery, are unable to offer an iota of proof that Karnbad had any input into decedent’s testamentary plan or the drafting of her will.
The court is unaware of any case which has held that an inference of undue influence exists where there is no evidence that the fiduciary-legatee had some involvement in the drafting of the will.[3] In Matter of Henderson (80 NY2d 388, 392-393), the Court of Appeals held that the inference does not automatically apply where an attorney-legatee did not draft the testamentary instrument, stating: "There exist sound reasons for avoiding a per se rule that would create an inference of undue influence any time a testamentary disposition is made to an attorney who has had a professional relationship with the testator in the past. A basic tenet of our system is that '[a] person of sound mind, acting with full *458 knowledge of her affairs, competent to understand her relations to those whom she wished to benefit, may bestow her bounty as she likes’ * * * A testator’s freedom to bequeath property in accordance with his or her wishes should not be diminished merely because the object of the testator’s generosity happens to be an attorney with whom the testator has enjoyed a beneficial professional relationship.”
The same rationale applies to nonattorney fiduciaries and confidants who are named as beneficiaries. There must be some evidence, even if it is only circumstantial, that the confidential relationship was utilized to influence the testator’s wishes or the will drafting process, before the inference of undue influence arises and the beneficiary is put to the test of explaining the bequest to a jury. (See, Matter of Colbeck, 45 AD2d 796.) In the absence of such evidence here, the court concludes that there is no inference that Karnbad exercised undue influence.
The party alleging undue influence has the burden of proof. (Matter of Walther, 6 NY2d 49; Matter of Schillinger, 258 NY 186.) Without an inference of undue influence, there is no evidentiary support for objectants’ conclusory allegations. The court therefore finds that objectants have failed to sustain their burden on these motions to demonstrate that triable questions of fact exist.
Accordingly, petitioners’ cross motion for summary judgment dismissing the objections is granted in all respects. Objectants’ motion for reargument is denied.
Submit decree admitting the June 10, 1981 instrument (and two codicils) to probate.

. Decedent and her husband, Ewald, executed reciprocal wills on the same day, naming each other as residuary legatee and Karnbad as contingent residuary legatee. Ewald died in 1983, and decedent took as residuary beneficiary under his will. Karnbad takes as successor to Ewald under decedent’s will.

. Karnbad grew closer to decedent following her husband’s death in 1983. The court is here concerned, however, only with the nature of the relationship prior to the drafting of the will. The codicils, which were executed in 1986 and 1990, did not increase the bequest to Karnbad.

. As noted, in each of the cases cited above where the confidential relationship between the testator and a nonlawyer gave rise to an inference of undue influence, something more than the existence of the relationship was demonstrated.