■ In the Matter of the Estate of JOHANNA BARTEL, Deceased. BARBARA CORDOVI, et al., Appellants, v LAWRENCE KARNBAD et al., Respondents. [625 NYS2d 519] —Probate decree, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about May 4, 1994, which, upon the dismissal by summary judgment of all objections to probate previously filed and the denial of objectants' motion for reargument, directed,

*inter alia,* that the last will of Johanna Bartel, deceased ("the decedent"), dated June 10, 1981, and two codicils thereto, dated December 17, 1986 and May 31, 1990, be admitted to probate, unanimously affirmed, without costs.

The Surrogate's Court properly granted the proponent's motion for summary judgment dismissing the objections to probate. The record reveals that the objectants, after conducting extensive discovery, failed to meet their burden in opposing summary judgment of rebutting the proponent's prima facie case for probate, by offering any proof, other than their conclusory allegations, sufficient to raise a triable issue of fact with regard to due execution, testamentary capacity, or alleged fraud or undue influence exerted by proponent Lawrence Karnbad, the decedent's accountant and financial adviser and her sole beneficiary, in the drafting of the decedent's will *(Matter of Philip,* 173 AD2d 543; *Matter of Cioffi,* 117 AD2d 860).

Although an inference of undue influence, requiring the beneficiary to explain the circumstances of the bequest, arises when a beneficiary under a will was in a confidential or fiduciary relationship with the testator and was involved in the drafting of the will *(Matter of Putnam,* 257 NY 140), no such inference arises, where, as here, there is no evidence that the fiduciary-legatee, proponent Karnbad herein, had any direct or indirect involvement in the preparation or execution of the testamentary instruments offered for probate *(Matter of Henderson,* 80 NY2d 388, 392).

Nor did the IAS Court err in dismissing the objection to the appointment of multiple fiduciaries and an attorney as a coexecutor of the propounded instruments since the payment of additional commissions and fees has no bearing whatsoever upon whether the will should be admitted to probate *(Matter of Weinstock,* 40 NY2d 1, 6; *Matter of Klenk,* 204 AD2d 640). Concur—Ellerin, J. P., Rubin, Asch, Nardelli and Mazzarelli, JJ. *[See,* 161 Misc 2d 455.]