■ In the Matter of the Estate of TERESA DRISCOLL, Deceased. MARY A. HICKEY, Appellant; EDWARD DRISCOLL, Respondent. [698 NYS2d 499] —In a contested probate proceeding, the petitioner appeals from a decree of the Surrogate's Court, Westchester County (Emanuelli; S.), dated August 31, 1998, which, upon a jury verdict finding that the will was procured by undue influence, and upon the denial of her motion pursuant to CPLR 4404 to set aside the verdict and for a decree admitting the will to probate, denied the admission of the will to probate.

Ordered that the decree is affirmed, without costs or disbursements.

The claim of the appellant, the proponent of the contested will, that it was an improvident exercise of discretion for the Surrogate to deny her request to present rebuttal testimony, is unpreserved for appellate review (*see,* CPLR 5501 [a] [3]). In any event, the claim is without merit since the testimony of

the appellant's rebuttal witness would have concerned a collateral issue (*see, Feldsberg v Nitschke,* 49 NY2d 636; *Coopersmith v Gold,* 223 AD2d 572, *affd* 89 NY2d 957; *Baumis v General Motors Corp.,* 106 AD2d 789, 790, *affd* 66 NY2d 777; *Hutchinson v Shaheen,* 55 AD2d 833, 834).

The appellant's additional claim that the jury verdict was against the weight of the evidence is without merit. It is well settled that a verdict should not be set aside as against the weight of the evidence unless the evidence so predominated in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744; *Calafiura-Ehrlich v Spiros Sys. 40,* 259 AD2d 580; *Nicastro v Park,* 113 AD2d 129). The determination that the contested will was procured by the exercise of undue influence over the decedent was not against the weight of the evidence (*see, Matter of Moran,* 261 AD2d 936; *Matter of Antoinette,* 238 AD2d 762; *Matter of Itta,* 225 AD2d 548; *Matter of Bach,* 133 AD2d 455; *Matter of Collins,* 124 AD2d 48, 53; *Matter of Elmore,* 42 AD2d 240, 242).

The appellant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Ritter, J. P., Santucci, Thompson and Goldstein, JJ., concur.