■ In the Matter of the Estate of VIOLET CAMAC, Deceased. DEANNA SANDOR et al., Appellants; HOWARD CAMAC, Respondent. [751 NYS2d 435] —Order, Surrogate's Court, Bronx County (Lee Holzman, S.), entered April 4, 2002, which, insofar as appealed from, denied petitioners' motion for summary judgment to dismiss the objections to probate and to admit the propounded will to probate solely with regard to the objection that the propounded will was the product of undue influence practiced upon the decedent, unanimously reversed, without costs, petitioners' motion granted, and the objection on the ground of alleged undue influence dismissed.

Decedent began living with one of her two daughters shortly after the death of her husband in November 1997. Early in 1998, decedent's son procured decedent's signature on two letters addressed "To Whom It May Concern," which stated that it was her intention to execute a will which would distribute her estate equally among her three children. In September 1998, decedent executed the will which is the subject of this proceeding and which provided that the bulk of her estate should be distributed to her two daughters. Decedent died in February 1999.

The Surrogate denied petitioners' motion for summary judgment on the sole ground that disputed issues of fact exist regarding whether the will was the product of undue influence. We find that objectant failed to adduce any evidence of undue influence by his sisters and, therefore, we reverse.

Undue influence requires proof of a "moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire * * *" (*Matter of Walther*, 6 NY2d 49, 53, quoting *Children's Aid Socy. v Loveridge*, 70 NY 387, 394). Since undue influence is not often the subject of direct proof "[i]t can be shown by all the facts and circumstances surrounding the testator, the nature of the will, his family relations, the condition of his health and mind, his dependency upon and subjection to the control of the person supposed to have wielded the influences, the opportunity and disposition of the person to wield it, and the acts and declarations of such person" (*Matter of Anna*, 248 NY 421, 424, quoting *Rollwagen v Rollwagen*, 63 NY 504, 519).

Here, objectant failed to raise any triable issue of fact as to the exercise of undue influence over the decedent by appellants. Appellants did not participate in the drafting or execution of decedent's will. Until five weeks before her death decedent was able to take care of herself, and went to her home once a week and her office twice a week. There is no evidence that decedent's independent actions and free will were constrained by living in the home of one of her daughters. While the Surrogate relied on an inference of undue influence based on a presumed confidential relationship between decedent and the daughter who is a physician, there is no evidence that appellant daughter had any direct involvement in the preparation or execution of the will (*see Matter of Bartel*, 214 AD2d 476, 477). Whatever care was provided decedent was not done as a physician but as her daughter.

Although decedent expressed some concern about equal estate distribution among her three children, the particular distributive formula was clearly chosen by decedent after much consideration and the rationale was clearly stated in the will. Objectant has only offered conclusory and speculative evidence regarding the alleged undue influence exercised by petitioners. There is nothing in the objectant's testimony that supports an inference that appellants were pressuring or coercing their mother not to treat him equally in her will. We have reviewed objectant's other contentions and find them to be without merit. Concur—Mazzarelli, J.P., Andrias, Buckley and Marlow, JJ.