■ In the Matter of the Estate of GREGORY CAVALLO, Also Known as GREGORY M. CAVALLO, Deceased. REBECCA PYTOSH, Appellant; MARIE CAVALLO et al., Respondents. [817 NYS2d 505]— In a probate proceeding, the proponent appeals from a decree of the Surrogate's Court, Richmond County (Fusco, S.), dated January 20, 2005, which, upon a jury verdict finding that the will was procured by undue influence, and upon the denial of her motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and for a decree admitting the will to probate, denied the admission of the will to probate.

Ordered that the decree is affirmed, with costs payable by the proponent personally.

Contrary to the appellant's contention, the jury verdict was not against the weight of the evidence. "[A] verdict should not be set aside as against the weight of the evidence unless the ev-

idence so predominated in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence" (*Matter of Driscoll,* 266 AD2d 288, 289 [1999]; *see Lolik v Big V Supermarkets,* 86 NY2d 744 [1995]). The determination that the contested will was procured by undue influence over the decedent was not against the weight of the evidence (*see Matter of Driscoll, supra; Matter of Tokarz,* 199 AD2d 400, 401 [1993]; *Matter of Bach,* 133 AD2d 455, 457 [1987]; *Matter of Elmore,* 42 AD2d 240, 241-242).

The appellant's remaining contentions either are unpreserved for appellate review or without merit. Miller, J.P., Schmidt, Mastro and Lunn, JJ., concur.