*220 OPINION OF THE COURT
Robert J. Gigante, S.
This bitterly contested probate proceeding has had a long and protracted history, which has continued for more than seven years.
Gregory Cavallo (decedent) died a resident of Richmond County on March 21, 2001. At the time of his death, he had been separated from his wife, Marie Cavallo, for over 25 years. Since 1983, however, decedent lived with Rebecca Pytosh, notwithstanding the decedent’s marriage to Marie.
On April 2, 2001, Rebecca petitioned for probate of decedent’s last will and testament dated March 26, 1997 (the 1997 will). Marie and her two children from her marriage to decedent, Linda Carroll and Deborah Nalitt, filed objections to the 1997 will, alleging lack of testamentary capacity, lack of due execution, fraud and undue influence. A jury trial was conducted before the Surrogate, at the conclusion of which only the issue of undue influence was submitted to the jury.
Following a jury verdict that the 1997 will had been procured by undue influence, this court entered a decree, dated January 20, 2005, denying probate to the 1997 will. The court’s decree was affirmed by the Appellate Division (Matter of Cavallo, 31 AD3d 442 [2006]), and leave to appeal to the Court of Appeals was denied by both the Appellate Division (2006 NY Slip Op 80723[U] [2006]) and the Court of Appeals (8 NY3d 808 [2007]).
Rebecca, who was also the nominated executor under a prior will dated May 1, 1996 (the 1996 will), then petitioned for probate of the 1996 will on December 23, 2004. Objections to probate were once again filed by Marie, Linda, and Deborah alleging lack of testamentary capacity, lack of due execution, and that the 1996 will was procured by fraud and undue influence.
SCPA 1404 examinations of the attorney-draftsman and the attesting witnesses have been completed, and the court denied subsequent motions by both sides seeking summary judgment.
In October 2007, Greenfield Stein & Senior LLR attorneys for the proponent, Rebecca Pytosh, served upon Bruce G. Behrins, Esq., and Susan R. Schneider, Esq., attorneys for objectants, a demand for Mr. Behrins and Ms. Schneider to produce documents in their possession and to appear for depositions.
Counsel for the proponent contend that Mr. Behrins has material, unique and relevant evidence to offer concerning decedent’s mental capacity, based upon his multiple conversa *221 tions and communications with decedent in an attempt to reach a settlement of decedent’s long-standing marital dispute with Marie, which was abated only upon decedent’s death. They further contend that both Mr. Behrins and Ms. Schneider should be forced to give testimony regarding their observations of decedent in the courtroom during the divorce proceedings, which occurred shortly before the execution of the 1996 will.
Mr. Behrins contends that he and Ms. Schneider should not be compelled to testify as nonparty witnesses, and that indeed, this request is no more than a legal tactic preliminary to their moving to disqualify the Behrins firm from representing object-ants, inasmuch as Mr. Behrins will then be called as a witness at trial. Accordingly, Mr. Behrins has moved for a protective order quashing the subpoenas served on him and Ms. Schneider and precluding the petitioner from taking their depositions.
Furthermore, both Mr. Behrins and Ms. Schneider have filed reply affidavits denying any personal knowledge which might bear on decedent’s competency. Nevertheless, proponent still contends that their observations of decedent, in court, are highly pertinent to decedent’s mental competency, and therefore the court should compel them to comply with the subpoenas served upon them and be deposed.
Certainly, the CPLR “requires the disclosure of all evidence relevant to the case and all information reasonably calculated to lead to relevant evidence.” (See Siegel, NY Prac § 344, at 525 [3d ed 1999].) Nonetheless, the court has discretion to limit disclosure and issue a protective order to prevent “unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice.” (CPLR 3103 [a]; Pomeranz v Pomeranz, 99 AD2d 407 [1984]; Byck v Byck, 294 AD2d 456 [2002].)
In Giannicos v Bellevue Hosp. Med. Ctr. (7 Misc 3d 403 [Sup Ct, NY County 2005]), defendant sought to compel plaintiff’s lawyers to produce documents memorializing conversations with plaintiff, and to testify, concerning his mental condition, and their ability to communicate with him. Although in Giannicos, testimony was sought from counsel regarding their own client, the reasons for quashing a subpoena against an attorney are no less sound when testimony is sought from counsel regarding the mental competency of the other party to an action. Indeed, the court in Giannicos (at 406) made it clear that “[a]n attorney’s observations of a client’s demeanor, physical characteristics and mental capacity are not protected by the attorney-client privilege.” However, “public policy mandates that they not be com *222 pelled to testify,” because “the practice of calling opposing counsel as a witness at trial is so offensive to our conception of the adversarial process” (id. at 406-407).
A similar result can be found in other jurisdictions where counsel for one party has sought to depose an adversary attorney. In Shelton v American Motors Corp. (805 F2d 1323 [8th Cir 1986]), the Eighth Circuit Court of Appeals concluded that defense counsel could not be deposed by plaintiffs counsel. The court explained that “[t]he practice of forcing trial counsel to testify as a witness . . . has long been discouraged . . . [since] it causes the standards of the profession [to] suffer.” (Id. at 1327 [internal quotation marks omitted].)
Similarly, in Harriston v Chicago Tribune Co. (134 FED 232 [ND Ill 1990]), the United States District Court, Northern District of Illinois, stated that “courts have not looked with favor upon attempts to depose opposing counsel. The practice is disruptive of the adversarial process and lowers the standards of the legal profession.” (Id. at 233 [internal quotation marks omitted].)
Likewise, in West Peninsular Tit. Co. v Palm Beach County (132 FED 301 [SD Fla 1990]), the court held that “depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case.” (Id. at 302.)
Furthermore, in Kaiser v Mutual Life Ins. Co. of N.Y. (161 FED 378 [SD Ind 1994]), the court articulated that “depositions [of opposing counsel] may lead to the disqualification of counsel who may be called as witnesses . . . [and] would have a chilling effect on the truthfulness of attorney-client communications.” (Id. at 381.)
Moreover, in Dunkin’ Donuts, Inc. v Mandorico, Inc. (181 FED 208 [D PR 1998]), the court held that “deposing an opponent’s attorney is a drastic measure and is infrequently proper.” (Id. at 209.)
Finally, the court notes with approval a three-prong test created by the Eighth Circuit Court of Appeals in Shelton, all prongs of which must be satisfied before a party will be permitted to depose opposing counsel. Under the Shelton test, a party must establish that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case.
*223 In the case at bar, petitioner has failed to demonstrate that no other means exist, since there are many sources of information concerning decedent’s mental capacity other than counsel, including court personnel, or even the judge who may have observed decedent in the courtroom during divorce proceedings.
Furthermore, if objectants’ attorneys are compelled to testify, petitioner may then attempt to disqualify them. This court will not create a situation in which objectants are forced to obtain new counsel after being represented by the same attorneys for over seven years.
For all of the reasons set forth herein, this court must exercise its discretion under CPLR 3103 to limit prejudice and unfair disadvantage. Accordingly, objectants’ motion for a protective order is hereby granted and the subpoenas served upon Bruce G. Behrins and Susan R. Schneider are hereby quashed.