■ In the Matter of the Estate of ROBIN MOLES, Deceased. ELSIE McCARTHY et al., Respondents, v CHRISTOPHER R. LJUNGKULL, Appellant. [933 NYS2d 685]—

This proceeding relates to the validity of a will the deceased, Robin A. Moles, executed on December 27, 2007, in which the deceased disinherited all of the beneficiaries of her longstanding earlier will, including her nephew, objectant Christopher Ljungkull, and left her entire estate, worth in excess of $8 million, to her long-time companion and caregiver, petitioner Elsie McCarthy. Ljungkull filed objections on the grounds that, inter alia, the deceased lacked testamentary capacity and executed the will under undue influence.

Because there are issues of fact as to whether the decedent understood the consequences of executing the 2007 will and whether she was under undue influence at the time she executed it, we reverse. Circumstantial evidence may demonstrate undue influence, provided that the evidence is substantial (*Matter of Walther*, 6 NY2d 49, 54 [1959]). Here, there is consider-

able circumstantial evidence. The facts and circumstances surrounding the will signing, the nature of the will, decedent's family relations, the condition of her health and mind, her dependency upon and subjection to the control of petitioner, the opportunity and disposition of petitioner to wield her influence over the decedent, and the acts and declarations of petitioner all raise questions as to whether or not there was undue influence over the decedent when she executed the will (*see Matter of Ryan*, 34 AD3d 212, 213 [2006], *lv denied* 8 NY3d 804 [2007]). In particular, a report Adult Protective Services issued several months prior to the execution of the 2007 will found that the decedent's judgment was impaired and recommended implementation of an article 81 Guardianship to "safeguard" her. The attesting witnesses to the execution ceremony on December 27, 2007 were petitioner's friend, Neils Lauersen, and one of his former employees. Although the attorney who prepared the will was not present at the execution, it is significant that Lauersen referred the attorney to the decedent whereas a different attorney had prepared the decedent's prior will. "Where a will has been prepared by an attorney associated with a beneficiary, an explanation is called for, and it is a question of fact for the jury as to whether the proffered explanation is adequate" (*Matter of Elmore*, 42 AD2d 240, 241 [1973] [internal citation omitted]).

Further, there is evidence that the decedent, both before and after the 2007 will signing, expressed her intent to maintain Ljungkull as the beneficiary of the bulk of her estate. In July 2008, she confirmed her 1974 will in a discussion with her prior attorney at the same time that she signed a durable general power of attorney in favor of her financial advisor, as a matter of law replacing any former powers of attorney. Concur—Gonzalez, P.J., Friedman, Moskowitz, Acosta and Richter, JJ.