■ In the Matter of J. BRUCE LLEWELLYN, Deceased. DONALD McHENRY et al., Respondents, v JAYLAAN AHMAD-LLEWELLYN, Objectant-Appellant. [24 NYS3d 37]—

Decree, Surrogate's Court, New York County (Nora S. Anderson, S.), entered February 23, 2015, admitting a docu-

ment dated February 8, 2008 to probate as the last will and testament of decedent, based on a decision, same court and Surrogate, entered December 23, 2014, which had granted petitioners' motion for summary judgment dismissing the objectant's objections to probate, unanimously affirmed, with costs.

Petitioners sustained their burden of demonstrating due execution of the will, based on the signed affidavit and the deposition testimony of the three attesting witnesses (*see Matter of Falk*, 47 AD3d 21, 26 [1st Dept 2007], *lv denied* 10 NY3d 702 [2008]). Objectant failed to raise a triable issue of fact, as she presented no evidence that the witnesses' testimony was suspect, and she was not present when the will was signed by decedent (*see Matter of Halpern*, 76 AD3d 429, 432 [1st Dept 2010], *affd* 16 NY3d 777 [2011]).

Petitioners made a prima facie showing that decedent had testamentary capacity at the time of the will's execution, based on the testimony of decedent's treating physicians, who examined him the day before the execution and found him lucid, alert and able to understand the purpose of a will, his assets and the natural objects of his bounty (*see Matter of Morris*, 208 AD2d 733, 733 [2d Dept 1994]). Decedent's medical records and the affidavit of objectant's medical expert do not raise a triable issue of fact.

Petitioners made a prima facie showing that decedent's decision to change his testamentary plan to leave the bulk of his estate to charity was the product of his own wishes. Numerous witnesses testified to decedent's strong interest in providing for the education of minority youth, and the will explained that there was no bequest to three of decedent's children because of provisions he had established for them during his lifetime. Although petitioners were in a position of trust and confidence with decedent, objectant failed to raise a triable issue of fact as to the exercise of undue influence over decedent by petitioners (*see Matter of Camac*, 300 AD2d 11, 12 [1st Dept 2002]). The record shows that decedent actively sought the intervention of petitioners, his longtime friends.

Objectant also failed to present evidence sufficient to raise an issue of fact as to fraud (*see Matter of Ryan*, 34 AD3d 212, 215 [1st Dept 2006], *lv denied* 8 NY3d 804 [2007]). The provisions of the will were consistent with statements decedent made to witnesses over the years. Concur—Mazzarelli, J.P., Friedman, Gische and Kapnick, JJ.