■ In the Matter of the Estate of DUNCAN A. MACGUIGAN, Deceased. LORRE ENG, Respondent; CANDACE ROOSEVELT, Appellant. [34 NYS3d 42]—

Order, Surrogate's Court, New York County (Rita Mella, S.), entered April 15, 2015, which, to the extent appealed from as limited by the briefs, granted proponent's motion for summary judgment dismissing the objection based on the ground of undue influence, unanimously affirmed, without costs.

In order to invalidate a will based on undue influence, it

must be shown that the influence exerted "amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire, but which he was unable to refuse or too weak to resist. It must not be the promptings of affection; the desire of gratifying the wishes of another; the ties of attachment arising from consanguinity, or the memory of kind acts and friendly offices, but a coercion produced by importunity, or by a silent, resistless power which the strong will often exercise[ ] over the weak and infirm, and which could not be resisted, so that the motive was tantamount to force or fear" (*Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387, 394-395 [1877]; *Matter of Walther*, 6 NY2d 49, 53-54 [1959]).

The court properly concluded that proponent, decedent's long-term girlfriend, did not exert such influence over decedent based on the testimony of his financial advisor that she was reluctant to influence decedent's investment decisions and receive his power of attorney and the evidence of his treating physician that he suffered only mild memory loss at the time the will was executed. Moreover, the record reflects that the attorney who prepared the will and the witnesses to its execution all believed that decedent's determinations were based on his own free will. Objectant, decedent's sister, did not dispute that she had very limited contact with him over the years and that their relationship was distant.

Objectant contends that the financial assistance and loan decedent provided to proponent was evidence of proponent's undue influence over decedent. However, it was undisputed that decedent initially required proponent to repay the loan in monthly installments, and objectant does not challenge decedent's decision to provide proponent with his power of attorney and health care proxy.

The court properly rejected objectant's claim that proponent and decedent were in a confidential relationship, which would place the burden on proponent to offer an explanation of the bequest other than her undue influence (*see Matter of Bach*, 133 AD2d 455 [2d Dept 1987]). As noted, there was no showing that proponent had control over decedent, and, in any event, the bequest was explained by the evidence of longstanding ties of affection between decedent and proponent.

We have considered objectant's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Webber, JJ.