Matter of Singer (2019 NY Slip Op 03275)





Matter of Singer


2019 NY Slip Op 03275


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Friedman, J.P., Gische, Webber, Kahn, Oing, JJ.


9115 1950B/13

[*1]In re Estate of Carol Singer, SCI Deceased.
Richard E. Naumann, et al., Petitioners-Objectants-Respondents,
v
Edward T. Mazzola, Petitioner-Appellant.


Varcadipane & Pinnisi, P.C., New York (Jeffrey W. Varcadipane of counsel), for appellant.
The Law Firm of Fishlin & Fishlin, Mount Kisco (Todd A. Fishlin of counsel), for respondents.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about January 17, 2018, which, to the extent appealed from as limited by the briefs, denied cross petitioner's (Mazzola) motion for summary judgment dismissing the undue influence objection to probate, unanimously affirmed, without costs.
Mazzola established prima facie that the decedent was not subjected to undue influence in making her will. Drawing all reasonable inferences in favor of the nonmovants, we find that petitioners submitted sufficient evidence to raise an issue of fact as to undue influence by the decedent's neighbor, friend and former employer, Robert Pellegrini, who is a primary beneficiary of the will (see Children's Aid Socy. of City of N.Y. v Loveridge , 70 NY 387, 394-395 [1877]; Matter of Walther , 6 NY2d 49, 53-54 [1959]). The decedent's health care aide testified that the decedent told her that Pellegrini wanted the decedent to leave all her money to him. She also testified that she overheard discussions between Pellegrini and the decedent in which Pellegrini loudly maligned the decedent's family and intimidated the decedent. This testimony, if believed, could demonstrate that Pellegrini wielded undue influence over the decedent by raising doubts as to her family's concern for her at a time when she might have been vulnerable.
Petitioners failed to raise an issue of fact as to whether Pellegrini and the decedent had a confidential or fiduciary relationship. Regardless, there is no evidence that Pellegrini
was involved in the drafting of the will (see Matter of Bartel , 214 AD2d 476 [1st Dept 1995]; Matter of Bach , 133 AD2d 455, 456 [2d Dept 1987]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK