Matter of Williams (2019 NY Slip Op 03741)





Matter of Williams


2019 NY Slip Op 03741


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Kern, JJ.


9313 2554/12AB

[*1]In re Trust of Lucille B. Williams, Grantor.
David M. Williams, et al., Petitioners-Respondents,
v
Claire Martino formerly known as Claire Fisher Sardoni, Respondent-Appellant.


Markewich & Rosenstock LLP, New York (Eve R. Markewich of counsel), for appellant.
Sullivan Papain Block McGrath & Cannavo, P.C., New York (Eric C. Goldman of counsel), for respondents.



Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered October 4, 2018, to the extent that it denied respondent's motion for summary judgment dismissing the petition to set aside the restatement, dated March 20, 2009 (Restatement), of the Lucille B. Williams 2007 Trust, dated October 2, 2007, as restated November 7 2008 (2007 Trust), on the ground of undue influence, unanimously affirmed, with costs.
Petitioners, decedent's stepchildren, raised a triable issue whether respondent, decedent's sole surviving child and their stepsister, unduly influenced decedent into executing the Restatement, which, for the first time, denied them any share of a brokerage account that decedent had inherited from her husband, the stepchildren's father (see Matter of Walther, 6 NY2d 49, 55-56 [1959]; Matter of Camac, 300 AD2d 11, 12 [1st Dept 2002]; Matter of Ryan, 34 AD3d 212, 213 [1st Dept 2006], lv denied 8 NY3d 804 [2007]; Matter of Aoki, 99 AD3d 253, 267-268 [1st Dept 2012]).
In finding a triable issue of undue influence, the Surrogate's Court properly cited the unexpected traumatic death, after a motorcycle accident in late 2008, of decedent's 55 year-old son, who helped her with her daily financial affairs and health issues for years. His death left decedent, who was by then 80 years old, unconsolable and distressed, and further compromised her mental and physical health. As the court noted, decedent had consistently bequeathed the children and stepchildren equal shares of that brokerage account in wills and trusts in 2001, 2007, and 2008, yet decedent, in March 2009, executed the Restatement, which denied them any share of that account and left the entire amount to respondent.
The court properly cited the lack of evidence that decedent's feelings towards her stepchildren had changed to warrant such a departure from prior wills and trusts. As late as November 2008, when decedent revised her testamentary instruments, she did not deny them part of that account, yet a few months after her son died in December 2008, by which time respondent had moved in with decedent and was taking care of her health and financial matters, decedent made that change. In addition, respondent attended the March 2009 meeting when decedent announced her intention to change her dispositive plan in respondent's favor, and respondent held a long-standing animosity towards her stepsiblings, dating from childhood. Although decedent explained at that meeting logical reasons for that change, including that her assets were diminishing and she wanted to ensure that her only daughter had sufficient funds, the previously described factors nevertheless warrant submission of the issue to a jury (see Walther at 54; Aoki, 99 AD3d at 267-268).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK