Matter of Dorris (2022 NY Slip Op 03460)





Matter of Dorris


2022 NY Slip Op 03460


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Pitt, JJ. 


File No. 17/3673A Appeal No. 16020 Case No. 2021-03594 

[*1]In the Matter of the Estate of E. Lowell Dorris, Deceased.
Benjamin Robinson, Petitioner-Respondent, Maurie O'Neill, et al., Objectants-Appellants,
Luis Freddy Molano, Respondent-Respondent.


Meyers Tersigni Feldman & Gray LLP, Purchase (Anthony L. Tersigni of counsel), for appellants.
Quatela Chimeri PLLC, Hauppauge (Christopher J. Chimeri of counsel), for Benjamin Robinson, respondent.
Andrew M. Krisel, Brooklyn, for Luis Freddy Molano, respondent.



Decree, Surrogate's Court, New York County (Rita Mella, S.), entered on or about September 10, 2021, which, in accordance with an order dated July 13, 2021 granting respondents' motion for summary judgment dismissing the objections to probate, admitted decedent's will to probate and granted letters testamentary to petitioner, unanimously affirmed, without costs.
Surrogate's Court properly granted the motion for summary judgment dismissing the objections, on the ground of undue influence, to probate of the decedent's will (see Matter of Halpern, 76 AD3d 429, 431 [1st Dept 2010], affd 16 NY3d 777 [2011]). Petitioner, who was the long-time counsel to the decedent, E. Lowell Dorris, testified that the decedent was alert and fully capable of stating his wishes when he named respondent as a beneficiary in his August 19, 2015 will. Petitioner also averred that the decedent appeared of his own volition at petitioner's law office to prepare the will, and at that time, told petitioner that he wanted to leave his estate to respondent because they had been friends for over 40 years, and because his relatives — objectants, who were his nieces — did not need his money.
Moreover, as the Surrogate's Court noted, the decedent's prior wills left a cash gift to respondent and the remainder to the decedent's life partner, and consistently omitted any reference to his nieces, except in the penultimate will dated April 8, 2014; in that will, only one objectant was named, and then only as contingent beneficiary should respondent predecease the decedent. Thus, the propounded will was consistent with the decedent's intention, stated to petitioner, to not leave his estate to his nieces. What is more, the increase in the size of the bequest to respondent was attributable to the death of the decedent's life partner in November 2013, and does not, standing alone, create any inference of undue influence.
Objectants failed to raise any material issue of fact regarding undue influence based on a confidential relationship or any other ground, as they cite no nonspeculative evidence that respondent had any direct or indirect involvement in the preparation or execution of the will (see Matter of Ryan, 34 AD3d 212, 215 [1st Dept 2006], lv denied 8 NY3d 804 [2007]; Matter of Bartel, 214 AD2d 476, 477 [1st Dept 1995]). Respondent did not introduce the decedent to petitioner, who had represented the decedent for around 20 years, and the mere fact that petitioner later represented respondent in an unrelated matter did not create any inference of undue influence or warrant any explanation (compare Matter of Moles, 90 AD3d 473, 474 [1st Dept 2011] [the petitioner's friend referred attorney to the decedent, and different attorney had prepared the decedent's earlier will]). Moreover, petitioner prepared many of the decedent's prior wills in which respondent did not inherit the bulk of decedent's estate, thus undermining any inference of undue influence.
We have considered objectants' [*2]remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022