| Matter of Buschor (Moravec) |
| --- |
| 2024 NY Slip Op 33246(U) |
| September 12, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2015-1883/A |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
In the Matter of the Petition by Graham Buschor to Probate
an Instrument dated June 27, 2013, as the Will                              DECISION

            EVANGELINE E. MORAVEC,                                          File No.: 2015-1883/A
                also known as Eva Moravec,

                                            Deceased.
------------------------------------------------------------------------x
M E L L A, S.:

| Papers Considered | Numbered |
|---|---|
| Notice of Motion by Petitioner Graham Buschor for Summary Judgment to Dismiss Objections to Probate, Together with Affirmation of Melissa I. Cohenson, Esq., attaching Exhibits, and Affidavits of Graham Buschor, of Renee Buschor-Hauser, and of Brian J. Zimmet, Esq. | 1-5 |
| Memorandum of Law in Support of Motion | 6 |
| Report of Guardian Ad Litem Jeffrey Schwartz, Esq., in Support of Motion | 7 |
| Affirmation of Brian R. Heitner, Esq., attaching Exhibits, and Affidavits of David Buschor and Lauren Buschor in Opposition to Motions | 8-10 |
| Memorandum of Law in Opposition to Motion | 11 |
| Reply Affirmation of Melissa I. Cohenson, Esq. | 12 |

At the call of the calendar on June 18, 2024, the court granted the motion of Petitioner

Graham Buschor for summary determination (CPLR 3212) of the probate objections filed by a

niece and a nephew (Objectants) of the decedent Evangeline Moravec.

Background

Decedent died on May 13, 2014, at the age of 82, survived by 16 issue of her three

predeceased sisters. The June 27, 2013 instrument that Petitioner, a nephew, offered for probate,

splits decedent's estate equally between Petitioner and a niece, Renee Buschor-Hauser, with the

[* 1]

exception of bequests of $5,000 to two non-family members.

The record established that decedent was not a person of means and lived in senior housing for a reduced rent.[1] She qualified for a pro bono estate planning program at the Weil, Gotshal & Manges law firm, and her case was directed to two newly admitted associates at the firm who had received training from an outside organization for such purposes. The transcript of their SCPA 1404 examinations indicated that, after meeting independently with decedent, these two attorneys drafted the propounded instrument and were the attesting witnesses to its execution. There is no evidence that any of the will beneficiaries were involved in the genesis, drafting, or execution of the instrument.

The objections filed by decedent's niece and nephew allege that the propounded instrument was not duly executed, that decedent lacked testamentary capacity, and that the instrument was the product of undue influence and fraud. After discovery was concluded, Petitioner made the instant motion for summary dismissal of the objections. There was an infant distributee of the decedent for whom the court appointed a guardian ad litem (GAL). The GAL after an investigation, reported in favor of the court's granting probate to the propounded instrument.

Discussion

In probate proceedings, summary judgment is available to the proponent of the will only where he or she makes a prima facie showing that the will should be admitted to probate as a matter of law and that there are no triable issues of fact regarding any objection (*see Matter of*

---

1 The main asset of decedent's estate is stated to be an inheritance to be received from the estate of a pre-deceased sister.

*Coniglio*, 242 AD2d 901 [4th Dept 1997]; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Phillips v Joseph Kantor & Co.*, 31 NY2d 307 [1972]). Although in contested probate proceedings, "summary judgment must be exercised cautiously" (*Matter of Minervini*, 297 AD2d 423, 424 [3d Dept 2002]), courts do not hesitate to grant summary judgment "where the proponent submits evidence establishing a prima facie case for probate and the objectant fails to raise any genuine factual issues" (*Id*; *see also Matter of Pollock*, 64 NY2d 1156 [1985] [summary judgment available in probate proceedings unless there are material issues of fact]).

Here, Proponent made a prima facie showing that the propounded instrument was duly executed by means of the attestation clause, the contemporaneous affidavit of the attesting witnesses, and the SCPA 1404 examination testimony of the two lawyers who drafted the instrument, who were also the witnesses and supervised its execution (*see Matter of Llewellyn*, 135 AD3d 499 [1st Dept 2016] [proponents met their prima facie burden of establishing due execution by relying on attesting witnesses' affidavit and their SCPA 1404 examination testimony]; *Matter of Mele*, 113 AD3d 858, 859-60 [2d Dept 2014] [SCPA 1404 testimony, attestation clause, and contemporaneous affidavit of witnesses established prima facie entitlement to dismissal of lack of due execution objection]). Through this proof and aided by the presumption of regularity of due execution that arises when an attorney supervises the execution of the instrument, proponent established that the instrument was executed in accordance with the requirements of EPTL 3-2.1 (*see Matter of Halpern*, 76 AD3d 429 [1st Dept 2010]; *Matter of Leach*, 3 AD3d 763 [3d Dept 2004]).

In their attempt to create an issue of fact, Objectants rely on the inexperience of the attorney drafters, their alleged lack of memory of the details of the execution, the fact that

3

[* 3]

although the instrument's pagination states that it is to be "of 6" pages, there is not a page 6, and the alleged failure of the testator to publish the will during the execution ceremony. None of these arguments raises a question of fact requiring a trial.

The witnesses' attestation clause and their contemporaneous affidavit establish that the instrument was executed in accordance with the statutory mandates and their testimony during their SCPA 1404 examinations confirmed that they saw the testator execute the instrument at the end, and that they observed each other executing the attestation clause (*see Matter of Schlaeger*, 74 AD3d 405 [1st Dept 2010] [attestation clause of will gave rise to presumption of compliance with statutory probate provisions]; *see also Matter of Llewellyn*, 135 AD3d at 500). In addition, compliance with the publication requirement may be inferred from the conduct of the testator during the execution ceremony, and here, the witnesses testified that they discussed the terms of the will with the testator and it was clear from the circumstances that the testator was there to execute her will (*see Matter of Turell*, 166 NY 330, 337 [1901] ["In all cases, a substantial compliance will be sufficient and no particular form of words is required, or is necessary, to effect publication"]; *Matter of Pirozzi*, 238 AD2d 833 [3d Dept 1997] [Publication can be through words or actions sufficient to show that witnesses knew they were being asked to sign as witnesses to a will execution]; *Halpern*, 76 AD3d at 430 [Lack of specific recollection by witness insufficient to rebut presumption of due execution]).

Finally, as to the alleged missing page, the court determined that there was no competent evidence indicating that the will may have been altered or that there was a page missing. Instead, review of the instrument reveals that an entire document is being offered for probate, complete with testator's signature at the end and an attestation clause of the witnesses and that

4

any mistake in pagination does not serve as a proper basis for denying the motion as to due execution in this instance (*see Matter of Powell*, 90 Misc 2d 635 [Sur Ct, Westchester County 1977]; *Matter of Hall*, 118 Misc 2d 1052 [Sur Ct, Bronx County 1983]). Objectants having failed to raise an issue of fact with respect to the instrument's due execution, such objection was dismissed (*see Matter of Seelig*, 302 AD2d 721 [3d Dept 2003]).

Proponent also made a prima facie showing of decedent's testamentary capacity through the contemporaneous affidavit of the attesting witnesses, their attestation clause and their SCPA 1404 examination testimony, all of which establish that decedent was of "sound mind, memory and understanding" when she executed the instrument (*Matter of West*, 147 AD3d 592, 592 [1st Dept 2017]; *see Matter of Korn*, 25 AD3d 379 [1st Dept 2006]), and that decedent could hold in her mind the nature and extent of her assets, was capable of knowing who her relations were, that is, those who would be considered the natural objects of her bounty, and understood the nature and consequences of the execution of a will (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985]). Objectants in opposition to the motion provided nothing more than speculation.

In light of the testimony of the individuals who were present at the time the instrument was executed concerning the testator's lucidity, the fact that she was elderly and suffered from arthritis and Raynaud's disease does not provide a basis for concluding that she lacked capacity on June 27, 2013 (*see Matter of Alibrandi*, 104 AD3d 1175 [4th Dept 2013]; *Matter of Moskowitz*, NYLJ, Mar 26, 2012, at 44, *6 [Sur Ct, Kings County] ["[m]ere old age, physical weakness and infirmity . . . [are] not necessarily inconsistent with testamentary capacity," quoting *Matter of Beneway*, 272 App Div 463, 467 (3d Dept 1947)]); *see also Matter of Lowrey*, 225 AD3d 964 [3d Dept 2024]). Significantly, Objectants failed to offer any medical evidence

5

[* 5]

or an affirmation of someone with personal knowledge about decedent's mental capacity on or about June of 2013 (*see Matter of Burrows*, 203 AD3d 1699 [4th Dept 2022]). Because the record was devoid of any evidence sufficient to raise a bona fide issue about the testator's mental capacity at or around the time of execution that would require a trial (*see Matter of Tuccio*, 38 AD3d 791 [2d Dept 2007]), the court also dismissed the objection based on lack of capacity.

Moreover, Proponent's evidence, including the testimony of the attorney drafters that they never met or communicated with any member of the testator's family, establishes that the propounded instrument reflects the wishes of the decedent and was the product of her independent discussions with the attorney-drafters, with no involvement by Proponent or the other beneficiary under the will (*see Matter of Bartel*, 214 AD2d 476 [1st Dept 1995] [conclusory allegations insufficient to raise triable issue of fact; where no evidence of involvement in drafting of will, no inference of undue influence will arise]). This proof was sufficient to establish Proponent's prima facie entitlement to summary judgment with respect to dismissal of the undue influence and fraud objections (*see Matter of Dubin*, 54 AD3d 945 [2d Dept 2008]).

In opposition, Objectants attempted to raise an issue of fact by arguing that the instrument is the product of Proponent's undue influence because he is a liar, because he benefits under the instrument, and because Proponent was also the beneficiary of an Individual Retirement Account that the testator received from her sister's estate. The court held these arguments were unavailing. None of these allegations – even if taken together – including the Objectants' assertions that "Decedent did not like anyone in the family" and that, therefore, the only explanation for Proponent's beneficiary status is his undue influence or fraud, were

6

sufficient to raise a material triable issue as to the objections based on those grounds (*see Matter of Delaney*, NYLJ, June 5, 2000, at 36, col 3 [Sur Ct, Nassau County] [granting summary judgment dismissing objections to probate, where allegations of undue influence were "only surmise"]; *Matter of Dorris*, 205 AD3d 630 [1st Dept 2022] [summary dismissal appropriate where there was no nonspeculative evidence that beneficiary had any direct or indirect involvement in the preparation or execution of the will]; *Matter of Capuano*, 93 AD3d 666 [2d Dept 2012] [where there is no proof of a misrepresentation made to testator, summary dismissal of fraud objection is appropriate]; *see also Matter of MacGuigan*, 140 AD3d 625 [1st Dept 2016]; *Matter of Camac*, 300 AD2d 11 [1st Dept 2002]; *Matter of Tully*, 227 AD2d 288 [1st Dept 1996]). Accordingly, the court also dismissed Objectants' undue influence and fraud objections.

For these reasons, the Petitioner's motion for summary judgment was granted and the objections to probate were summarily dismissed. Accordingly, the June 27, 2013 instrument should be admitted to probate as decedent's will (SCPA 1408).

Settle probate decree.

Dated: September 12, 2024

_____
S U R R O G A T E