## In the Matter of the Estate of LUCAS GEORGE, Deceased.

Surrogate's Court, New York County November 18, 1940.

*C. Elmer Spedick*, for John J. George, as administrator, etc., of Frank George, deceased executor, etc., of Lucas George, deceased.

*George V. Grainger*, for the widow and others.

DELEHANTY, S. The decree of probate dated May 20, 1924, which admitted the will of deceased was vacated by a decree of May 29, 1940. Thereafter a motion was made to strike out the depositions of the subscribing witnesses and by order made September 10, 1940, this motion was denied. Thereupon the subscribing witnesses were ordered to attend for examination pursuant to section 141 of the Surrogate's Court Act and upon the examination thus initiated the attorney for the widow and children of deceased objected that the witnesses were not competent to testify because of an interest in the event of the proceeding within the meaning of section 347 of the Civil Practice Act. The court directed that the testimony of the subscribing witnesses be taken fully subject to a later motion to be made to strike out the evidence on the grounds stated. The examination is now concluded and the reserved motion to strike out the testimony is before the court for decision.

The interest in the event which is said to render the subscribing witnesses incompetent arises out of the fact that the subscribing witnesses are the sons of the sole legatee under the will who in turn was a brother of deceased. The sole legatee is now dead. His sons presumably have received distributions out of the legatee's

estate which were due to the inclusion in the legatee's estate of the property passing to him under the will of deceased. If the will shall be denied probate it would follow that the estate of deceased would pass in intestacy and the assets which belonged to deceased would be recoverable. Pursuit of the assets in the hands of the subscribing witnesses would be permissible in such circumstances. The question is whether in that set of facts the bar of section 347 of the Civil Practice Act is applicable.

The court holds that the public policy of the State renders inapplicable the provisions of section 347 of the Civil Practice Act to the testimony of the subscribing witnesses to a will. The policy of the State declared in section 75 of the Surrogate's Court Act, in section 27 of Decedent Estate Law and in section 2052 of the Penal Law requires the holding that subscribing witnesses to a will are competent witnesses irrespective of any " interest in the event " which otherwise might disqualify a witness in another type of proceeding (*Matter of Eysaman,* 113 N. Y. 62; *Matter of Beck,* 6 App. Div. 211; affd., 154 N. Y. 750.)

By reason of the statutory provisions and the authorities cited, this motion is in all respects denied.