In the Matter of the Accounting of WIRT P. MARKS, as Temporary Administrator of the Estate and as Executor of GRACE B. WALTERS, Deceased.

MARGARET A. WELDON, Appellant; WIRT P. MARKS, as Administrator and Executor, et al., Respondents.

Argued January 10, 1941; decided March 6, 1941.

*William Joachim* and *Morris Kleinman* for appellant.

*Albert Stickney, Arthur W. Siegrist* and *Henry A. Fenn* for Wirt P. Marks, as administrator and executor, respondent.

*Louis Lempel* for Richard C. Bradley, respondent.

*Frank W. Harris* for Robert E. Walters et al., respondents.

LEHMAN, Ch. J. The will of the testatrix, Grace Bradley Walters, written in her own handwriting and showing on

its face that it was prepared and executed without the advice of a lawyer, was witnessed by Margaret A. Weldon and Robert E. Walters. The testatrix controlled, through stock ownership, the Edgar B. Walters organization, Inc., and was active in the conduct of the business of that corporation. In her will she bequeathed " the business of Edgar B. Walters organization to the help now running same 5/27/35 with the except of accountant Mr. Martucci." There is dispute as to what persons are included in the group intended to share in the bequest and also as to whether the beneficiaries take the bequest as a class or as individuals. We agree with the construction placed upon the will by the courts below. Both attesting witnesses, Margaret A. Weldon and Robert E. Walters, were employed by the corporation, participated in the running of its business and there can be no doubt that both were intended by the testatrix to share in the bequest of the testatrix. The courts below have held, however, that the legacies to both are void under the provisions of section 27 of the Decedent Estate Law (Cons. Laws, ch. 13). We are not agreed that Margaret A. Weldon is to lose her legacy because she was an attesting witness.

The Decedent Estate Law provides that for the valid execution of every last will and testament of real or personal property " there shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator." (§ 21.) The statute further provides that " If any person shall be a subscribing witness to the execution of any will, wherein any beneficial devise, legacy, interest or appointment of any real or personal estate shall be made to such witness, and such will can not be proved without the testimony of such witness, the said devise, legacy, interest or appointment shall be void, so far only as concerns such witness, or any claiming under him; and such person shall be a competent witness, and compellable to testify respecting the execution of the said will, in like manner as if no such devise or bequest had been made." (§ 27.) The question presented here is whether the will of the testatrix could not, within the

meaning of the statute " be proved without the testimony " of the witness Margaret A. Weldon.

The will, in fact, was proved without the testimony of that witness. She was a resident of the State of New York at the time the testatrix died. She left the State thereafter and lived in Connecticut until after the will was probated and we assume that her purpose in leaving the State of New York was to avoid compulsion to give testimony upon the probate proceedings and in that manner to preserve her right to take the bequest made to her. If the testimony of both attesting witnesses were necessary for the probate of the will, none of the legatees described in the will, including the witnesses, would have been entitled to take under the will until, by production of the testimony by both witnesses, the will could be probated. The successful avoidance by a witness of compulsion to give testimony would in such case injure all the legatees and would result in no benefit to the recalcitrant witness. The Surrogate's Court Act, however, provides that, in some circumstances, the Surrogate may dispense with the testimony of a subscribing witness and that the will can be probated, then, upon the testimony of a single witness:

" Absent Witnesses to be Accounted for; Dispensing With Testimony; Commission; Proof of Handwriting.

" The death, absence from the state, or incompetency by reason of lunacy, or otherwise of a subscribing witness required to be examined as prescribed in this or the last section, or the fact that such witness cannot, with due diligence, be found within the state, or cannot be examined by reason of his physical or mental condition may be shown by affidavit or other competent evidence, and when so shown to the satisfaction of the surrogate, the surrogate may by the decree or by an order in writing, or by an order entered in the minutes dispense with his testimony; or in a case where such witness is absent from the state and it is shown that his testimony can be obtained with reasonable diligence, the surrogate may, in his discretion, and shall upon the demand of any party, require his testimony to be taken by commission. Where the testimony of a sub-

scribing witness has been dispensed with as provided in this section, and one subscribing witness has been examined, the Will may be admitted to probate upon the testimony of such subscribing witness alone." (§ 142.)

These statutory provisions were successfully invoked in this case and the will was probated without the testimony of the absent witness. One subscribing witness gave testimony as required by statute and no person sought an order to compel the other witness to give testimony to be taken by commission. Since the will was in fact probated without the testimony of the second witness it is clear that under the letter of the law the legacy made to the absent subscribing witness, whose testimony was not required, is not void.

It is said, however, that construction of the statute according to its letter would permit a subscribing witness to obtain an advantage by avoiding service of process and thus the law would reward the successful evasion of a duty imposed by law. The purpose of the statute is " first, to render subscribing witnesses competent, who would not have been so otherwise; and second, to guard against fraud in the preparation and execution of wills." (*Du Bois* v. *Brown*, 1 Dem. 317; affd., 31 Hun, 166.) If a witness to the execution of a will were permitted to benefit by its probate, interest might be an inducement to fraud. On the other hand, the testamentary intent of a decedent expressed in a will according to law should not be thwarted where the will is actually proved without the testimony of an interested witness. The statute was not intended to outlaw gifts to a witness whose testimony is not required for the probate of the will. The Legislature did not intend to render unlawful a testamentary gift to a witness. On the contrary, it confined invalidity of such a gift to those cases where exclusion of a witness by reason of interest would prevent probate of the will. (*Caw* v. *Robertson*, 5 N. Y. 125.) That is not the case here. We apply the law as it is written. In this case to apply it otherwise would result in thwarting the intention of the testatrix to confer a benefit upon this witness without in any way promoting the purpose of the statute.

The decree of the Surrogate and the order of the Appellate Division should be modified to provide that the legacy to the appellant, Weldon, is not void.

The order of the Appellate Division and the decree to the Surrogate's Court should be modified, in accordance with this opinion and as so modified affirmed, with costs in all courts to each party filing a separate brief, payable out of the estate.

DESMOND, J. (dissenting). When first offered, this will could not have been probated without the production and examination of the two subscribing witnesses as both were at that time within the State and competent and able to testify. (Surr. Ct. Act, § 141.) The legacy to each witness was, therefore, void. (Dec. Est. Law, § 27; *Caw* v. *Robertson*, 5 N. Y. 125.) The legacy to the subscribing witness Weldon could not be validated by her own act of leaving the State of New York until after the will was probated, notwithstanding that the will was eventually probated without her testimony in accordance with the provisions of section 142 of the Surrogate's Court Act. Analogy is to be found in the unsuccessful attempt of a subscribing witness to convey a bequest to a third person in order to qualify as a witness. (*Jackson* v. *Denniston*, 4 Johns. 311.) Further, her flight from the jurisdiction of the court made it impossible for the Surrogate to make the inquiry intended by section 144 of the Surrogate's Court Act as to all the facts and circumstances, the genuineness of the will and the validity of its execution. To allow her now to collect her legacy would destroy the effectiveness of section 27 of the Decedent Estate Law and would point out a simple and easy means to produce the very result prohibited by the statute, the payment of a legacy to one of two subscribing witnesses whose testimony is necessary to prove a will.

The order of the Appellate Division should be affirmed. (See 285 N. Y. 412.)

LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur with LEHMAN, Ch. J.; DESMOND, J., dissents in opinion.

Ordered accordingly.