In the Matter of the Estate of CLARA ACKERINA, Deceased.

Surrogate's Court, New York County, June 20, 1949.

*Joseph J. Cioffi* for Anne Paskow, petitioner.

*Michael Goldberg* for Edward C. Schwaner and others, respondents.

FRANKENTHALER, S. Petitioner was a witness to a will under which her father, the decedent's brother, was named sole beneficiary. Three other brothers were disinherited. The sole beneficiary predeceased the testatrix, and the petitioner claims a right to succeed to her father's bequest under the statute preventing lapse (Decedent Estate Law, § 29), as his only descendant. The respondents claim that her interest as substituted legatee is vitiated by operation of section 27 of the Decedent Estate Law, which provides that if any person shall be a subscribing witness to the execution of a will wherein any gift is made to such witness, and such will cannot be proved without the testimony of such witness, the said gift shall be void.

Ordinarily the question whether a subscribing or attesting witness forfeits a testamentary gift by testifying in regard to execution of the will is not to be answered in proceedings to prove the will, but will await determination until such time as that person seeks to obtain his gift, either on an accounting by the executors or in an action brought for that purpose (*Matter of Beck,* 6 App. Div. 211, affd. 154 N. Y. 750). In this case, however, the court must select an administrator *c.t.a.* and under the circumstances that selection must be from among the next of kin (Surrogate's Ct. Act, § 133, subd. 4). As between members of that class, the court will select one who possesses an interest in the estate and whose interest most needs protection (*Matter of Lasak,* 55 Hun 610, opinion in 8 N. Y. S. 740, affd. 121 N. Y. 706; *Matter of Goggin,* 43 Misc. 233). The question whether the petitioner is the sole interested party under the will must therefore be determined at this time in order to make that selection. As the will was executed in 1936 the issue must be resolved under section 27 as it existed before its amendment in 1942 (*Empire Trust Co.* v. *Sample,* 50 N. Y. S. 2d 5). Whether the result would

be the same under the statute in its present form, it is not now necessary to decide.

The purpose of section 27 is to prevent those persons who stand to benefit under the will and whose interests plainly appear, from witnessing and solemnizing the formal, unrestrained execution of the instrument. The object of the statutes is to provide for disinterested witnesses, who by their signatures will attest the validity of the execution and the testator's freedom from restraint and coercion (cf. *Matter of Moyer,* 97 Misc. 512), and to " throw such safeguards around those transactions as will prevent fraud and imposition." (*Matter of Booth,* 127 N. Y. 109, 116). That object is to be effectuated by barring the interests of such necessary witnesses as are designated to take under the will, and who, with knowledge thereof, may thereby be induced to influence the testator, in disregard of their duties as witnesses. The statute itself provides that if one shall be a witness to a will " wherein any beneficial * * * legacy * * * shall be made to such witness," then the gift shall be void. The object of that law is to " guard against fraud in the preparation and execution of wills " (*Du Bois* v. *Brown,* 1 Dem. 317, 325, affd. sub nom., *Matter of Brown,* 31 Hun 166, affd. 13 N. E. 928 [N. Y.]).

In this case the interest of the petitioner accrued by operation of law, as the result of the death of her father, after the time of execution. At that time the petitioner was a disinterested witness. No material benefit was to accrue to her through or by virtue of the will, as section 27 prescribes for the avoidance of bequests. She would have, then, no purpose to violate her obligation as a witness for her pecuniary gain. That the law subsequently gave to her her father's share in order to avoid a lapse can have no bearing on her competency to act as a witness to the will or her interest in its execution. The forfeiture imposed by section 27 applies to legacies given by testators to their subscribing witnesses. No such legacy was here created. (Compare *Matter of George,* 175 Misc. 804.) *Tuttle* v. *Tuttle* (2 Dem. 48) cited by the respondents, has no bearing upon the result here reached. That case merely held that the estate of the deceased legatee to whom the bequest was originally made, takes no interest in the gift which may be reached by his creditors, but the property passes immediately to his descendant. The ruling in that case that the descendant takes the property immediately rather than through the antecedent named legatee, does not require a determination here that the descendant was a witness to a will " wherein " a legacy for his benefit was created.

Accordingly, letters of administration *c.t.a.* will issue to the petitioner as the one who by virtue of the provisions of section 29 of the Decedent Estate Law is the sole interested person under the will.