John D. Bennett, S.
The propounded instrument is a holographic will executed in Rhode Island and witnessed by two persons, each of whose depositions have been submitted by the proponent. Section 23 of the New York Decedent Estate Law provides as follows: “A will of real or personal property, executed as prescribed by the laws of the state, or a will of real or personal property executed without the state in the mode prescribed by the law, either of the place where executed or of the testator’s domicile, provided such will is in writing and subscribed by the testator, may be admitted to probate in this state.”
On the state of the proof, it is apparent that the will was executed in accordance with the provisions of section 21 of the New York Decedent Estate Law and was therefore “ executed as prescribed by the laws of the state ”.
A determination, however, at this point that the will be admitted as complying with the requirements of section 21 of the New York Decedent Estate Law, would prejudice the rights of one of the witnesses if, in fact, the will could be probated without his testimony since the question has been raised as to whether section 27 of the Decedent Estate Law is applicable. *158 Section 27 provides that a witness deriving benefits under a will is deprived of his interest where the “ will cannot be proved without the testimony of such witness ”.
Ordinarily the application of section 27 is not determined at the time of probate. See Matter of Ackerina (195 MisC. 383, 384) where the court stated: 1 ‘ Ordinarily the question whether a subscribing or attesting witness forfeits a testamentary gift by testifying in regard to execution of the will is not to be answered in proceedings to prove the will, but will await determination until such time as that person seeks to obtain his gift, either on an accounting by the executors or in an action brought for that purpose (Matter of Beck, 6 App. Div. 211, affd. 154 N. Y. 750).”
However, under the circumstances here present there should be presented to the court such facts as would permit it to determine whether the subscribing witness in question was a necessary witness to demonstrate proper execution pursuant to the laws of Rhode Island as well as New York.
Consideration should also be given by the proponent to the fact that in addition to the two persons designated at the foot of the will as witnesses, there appears the legend: “ Subscribed and sworn to before me this 20th day of April, 1957 County of Providence State of Rhode Island Walter E. Presbrey Notary Public ”. These facts are similar to those found in Matter of Douglas (193 Misc. 623) where it was held that a person designated as “ Notary Public ” acted as a witness. The facts concerning the participation of the notary public in the execution of the instant holographic will should be developed and measured against the criteria set out in Matter of Douglas to determine whether the “ Notary Public ” qualified as a witness to the propounded instrument.
The additional matter above referred to should be submitted to the court on or before October 7.
The fact that the witness’ deposition has already been submitted is not decisive. If in fact it is determined that the will may be probated without such testimony, an application to withdraw his deposition will be entertained. See Matter of Walters (285 N. Y. 158, 162) where the court said: “If a witness to the execution of a will were permitted to benefit by its probate, interest might be an inducement to fraud. On the other hand, the testamentary intent of a decedent expressed in a will according to law should not be thwarted where the will is actually proved without the testimony of an interested witness. The statute was not intended to outlaw gifts to a witness whose testimony is not required for the probate of the *159 will. The Legislature did not intend to render unlawful a testamentary gift to a witness. On the contrary, it confined invalidity of such a gift to those cases where exclusion of a witness by reason of interest would prevent probate of the will. (Caw v. Robertson, 5 N. Y. 125.) ”
Proceed accordingly.