OPINION OF THE COURT
Bertram R. Gelfand, S.
In this probate proceeding, two of the three attesting witnesses to the propounded instrument are named in the instrument as primary beneficiaries. The third witness is a sister who is a contingent beneficiary. A citation was issued to the interested parties to show cause why the court should not determine who, pursuant to EPTL 3-3.2, is entitled to the dispositions contained in the instrument in favor of the attesting witnesses.
*666 Although in the majority of cases, the question of whether a disposition to an attesting witness is void is left for determination in an accounting proceeding, there is precedent for determining this issue simultaneously with the admission of the will to probate (Matter of Valente, 8 Misc 2d 156; Matter of Ackerina, 195 Misc 383; SCPA 1420, subd 3). Here, the propounded instrument provides that all but $3 of the estate, which it appears from the probate petition has assets totaling approximately $150,000, passes to two of the attesting witnesses. Petitioner, a nephew of the decedent, is also the attorney who prepared the instrument, supervised its execution, is nominated as the executor, is an attesting witness and is named as the residuary legatee. These circumstances lead to the conclusion that the issues raised by this fact pattern would best be resolved from the inception of the estate.
The propounded instrument was executed on February 18, 1977. Decedent died approximately two weeks later on March 2, 1977. The deposition of the wife attesting witness indicates that when the will was executed decedent was confined to his house due to a physical illness.
The dispositive provisions of the will provided for $1 legacies to each of the testator’s two adopted children and to a son of his wife, an outright marital deduction gift to his wife, who is a witness to the will, and a bequest of the residuary estate to the petitioner who is also a witness. Testator’s brothers and sisters were named as alternate beneficiaries, in equal shares, of the residuary estate, in the event the petitioner predeceased the testator.
Testator’s distributees are his spouse and the two adopted children. All of the distributees and the alternate residuary legatees either executed a waiver and consent in this proceeding or were served with a citation and have not appeared. One of the alternate residuary beneficiaries postdeceased. He has no legal representative and his sole distributee is his wife.
Petitioner has taken no position in this matter. However after the return date of the citation, the petitioner and the three surviving alternate residuary beneficiaries, together with the spouse of the postdeceased alternate beneficiary, have all executed and filed with the court assignments of their interests in the estate in favor of the decedent’s spouse. No application has been made to determine the validity or effect of the assignments and accordingly, these issues are not being passed upon.
*667 A beneficial disposition having been made in the instrument to all of the attesting witnesses, these legacies are void (EPTL 3-3.2, subd [a], par [1]). However, this does not constitute a bar to the admission of the instrument to probate (EPTL 3-3.2, subd [a]). The spouse being a distributee, is entitled, notwithstanding that she was a witness, to receive a sum equal to the lesser of her intestate share or the testamentary disposition (EPTL 3-3.2, subd [a], par [3]). The decedent being survived by two children, the spouse in intestacy would receive $2,000 plus one third of the residuary estate (EPTL 4-1.1, subd [a], par [1]), which share is less than the void testamentary disposition to her (this is without consideration to any exempt property that the spouse might be entitled to receive pursuant to EPTL 5-3.1). Neither the nephew nor the attesting witness sister, Dorothy Stein, being distributees, the dispositions to them are void and they are not entitled to receive any distribution from the estate. Accordingly, after the payment to the spouse of a sum equal to her intestate share, the balance of the estate (without considering the effect of the assignments) is to be divided equally among the alternate residuary legatees, whose bequests are not voided, to wit: Etta Magaziner, J. Albert Fracht and Sylvia Fracht, the sole distributee of the postdeceased alternate beneficiary, Nathan Fracht.
Absent the assignments, at first blush, the result in this case may appear to be harsh to the extent that the spouse, without any fault on her part, will receive only approximately one third of the estate instead of the approximately one half which the decedent apparently intended that she receive. However, the twofold purpose of EPTL 3-3.2 is to render all subscribing witnesses competent and at the same time guard against the possibility of a witness being influenced by financial benefit to give self-serving fraudulent testimony in favor of probate (Matter of Walters, 285 NY 158). This is a safeguard created by the Legislature in the exercise of its responsibility to safeguard the validity of testamentary instruments. The applicable statutory framework is apparently motivated by a determination that the greater public good dictates that the integrity of the process of executing wills be preserved, even if it is at the cost, in isolated instances, of thwarting a testator’s intent, by depriving a beneficiary-witness of a gift the testator intended to make to him. This forfeiture is not one that it is difficult to avoid. It can be avoided merely by *668 having two disinterested witnesses to the execution of a will. The court cannot ignore the applicable statutes on this subject.
This case is illustrative of the point that not only is a lay person, more often than not, penny wise and dollar foolish in acting as his own counsel in chartering the distribution of his assets after his death by self-made legal instruments, but also that an attorney, who is a relative or friend of the client, is not performing a favor to either decedent or himself when he embarks upon the rendition of service for little or no compensation, in an area of the law with which he obviously lacks familiarity.
The bequest to the petitioner being void, there is no need for a Putnam hearing with regard to his legacy (Matter of Putnam, 257 NY 140). The nomination of an attesting witness as an executor is not deemed a beneficial disposition to him under the theory that he is being compensated for services rendered rather than being the recipient of a testamentary disposition from the decedent (9 Rohan NY Civ Prac, EPTL 3-3.2, par [2]); EPTL 1-2.4). Accordingly, and in the absence of any interested parties having objected, the petitioner nephew is not precluded from serving as an executor in this estate.
The attesting witnesses testified before the probate clerk. It appearing that the instrument was executed with the formalities required by EPTL 3-2.1, that the testator was in all respects competent to make a will and that he was not under restraint, a decree shall be submitted admitting the instrument to probate and setting forth the determinations made herein as to the beneficiaries of the estate.