■ In the Matter of the Estate of EDITH R. KORN, Deceased. EDWARD D. KORN, Respondent; ROBERT B. KORN, Appellant. [808 NYS2d 48]—

Decree, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about September 28, 2004, which admitted decedent's will to probate and granted letters testamentary to petitioner, unanimously affirmed, without costs.

The decree referred to an earlier order which had granted petitioner's motion for summary judgment dismissing objections to probate. Summary judgment is appropriate where, as here, the proponent establishes a prima facie case for probate and the objectant fails to raise a material triable issue of fact (*Matter of Seelig*, 13 AD3d 776 [2004], *lv denied* 4 NY3d 707 [2005]). Not only did petitioner produce a self-executing affidavit to the will, thereby creating a presumption that the will was duly executed and constituting prima facie evidence of the facts therein attested to by the witnesses (*see Matter of Clapper*, 279 AD2d 730, 731 [2001]), but he also adduced testimony of an attesting witness and of the drafting attorney stating that the decedent was free of undue influence and, inter alia, "bright, intelligent, strong-minded."

In response, the objectant submitted only conclusory and

speculative evidence that petitioner exercised undue influence over the decedent in drafting and executing her will; this failed to raise a triable issue of fact (*Matter of Bustanoby*, 262 AD2d 407 [1999]). There was no evidence that petitioner had any direct involvement in the preparation or execution of the will (*see Matter of Bartel*, 214 AD2d 476 [1995]).

Insofar as the objectant insists that summary judgment was improper without permitting him to continue discovery, this claim is undermined by his failure to move for additional discovery or to seek a continuation so he could procure necessary affidavits. Nor does the objectant cite any statute or rule requiring a court to set a time limit for the completion of discovery. In any event, further discovery would serve no purpose. Even if the objectant could show that petitioner was responsible for the notations on an earlier draft will and played a role in the drafting of the final will, this would still not raise a question of fact as to whether the decedent was so dependent upon and subject to petitioner's control that she could not resist the wielding of his influence (*Matter of Wilson*, 266 AD2d 164 [1999]; *see generally Matter of Anna*, 248 NY 421 [1928]). Concur—Mazzarelli, J.P., Friedman, Williams, Gonzalez and Sweeny, JJ.