■ CHARLES LoBIANCO, Respondent, v CHRISTOPHER LAKE et al., Appellants, et al., Defendant. [879 NYS2d 135]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered October 2, 2008, which, in an action for personal injuries arising out of a motor vehicle accident, denied defendants-appellants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Defendants-appellants made a prima facie showing of entitlement to judgment as a matter law by demonstrating that they were not involved in plaintiff's accident. A nonparty eyewitness and defendant driver both testified that, after plaintiff rear-ended another vehicle, he was no longer on his motorcycle when the motorcycle alone slid across several lanes of traffic before coming into contact with defendants' truck.

In opposition, plaintiff failed to raise a triable issue of fact as to whether defendants' truck struck plaintiff's body, and plaintiff's speculation as to defendants' alleged negligence was insufficient to raise a triable issue of fact (see Bernstein v City of

*New York*, 69 NY2d 1020, 1021-1022 [1987]). Indeed, plaintiff's own deposition testimony indicates that he did not see which vehicle allegedly struck him after his initial collision, and that he only saw defendants' truck parked on the side of the road after the accident. Furthermore, plaintiff's affidavit, in which he states that defendants' truck struck him after going through a red light, is insufficient to defeat defendants' motion, as it contradicts his deposition testimony and denotes an effort to avoid the consequences of his earlier testimony (*see e.g. Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]). Concur— Friedman, J.P., Sweeny, Nardelli, Acosta and Richter, JJ.