■ In the Matter of GLORIA MARSLOE, Deceased. LAWRENCE M. GREEBEL, Respondent; VICTOR CARUSO et al., Appellants. [931 NYS2d 414]—

Insofar as is pertinent herein, EPTL 3-3.2 provides as follows:

"(a) An attesting witness to a will to whom a beneficial disposition or appointment of property is made is a competent witness and compellable to testify respecting the execution of such will as if no such disposition or appointment had been made, subject to the following:

"(1) Any such disposition or appointment made to an attesting witness is void unless there are, at the time of execution and attestation, at least two other attesting witnesses to the will who receive no beneficial disposition or appointment thereunder."

The objectants to the subject will primarily contend that the petitioner is disqualified from acting as executor under the will

because his appointment as executor constitutes a "beneficial disposition," and he was also one of only two attesting witnesses to the will. However, the statutory commission attendant upon the performance of one's duties as an executor appointed under a will is not in the nature of a testamentary bequest or benefit, but instead represents compensation for services rendered (*see McDonough v Loughlin*, 20 Barb 238 [1855]; *see also Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387 [1877]; *Matter of Bitterman*, 203 Misc 796, 800 [1952], *affd* 281 App Div 1024 [1953]). Therefore, even though the petitioner was only one of two attesting witnesses to the subject will, the fact that he is named executor of the will does not mean that he is receiving a "beneficial disposition" under the will so as to disqualify him from that position pursuant to EPTL 3-3.2 (*see Matter of Maset*, 25 Misc 3d 1229[A], 2009 NY Slip Op 52335[U] [2009]; *Matter of Fracht*, 94 Misc 2d 664, 668 [1978]). In addition, there is no merit to the objectants' contention that the phrase "appointment of property" as used in the statute includes an individual's appointment as executor thereunder. Accordingly, the Surrogate's Court properly granted the petitioner's application for preliminary letters testamentary.

The objectants' remaining contentions are without merit. Rivera, J.P., Florio, Austin and Sgroi, JJ., concur.