■ In the Matter of the Estate of BEATRICE SCHUMAN, Deceased. MARIAN SCHUMAN, Respondent; JANE SCHUMAN et al., Appellants. [21 NYS3d 1]—

Decree, Surrogate's Court, New York County (Rita Mella, S.), entered on or about March 8, 2013, admitting a document dated December 22, 2004 to probate as the last will and testament of decedent, based on a decision (Kristin Booth Glen, S.), granting petitioner's motion for summary judgment admitting the will to probate and dismissing the objections to probate, unanimously affirmed, without costs.

The court properly concluded that objectants failed to raise an issue of fact as to whether decedent, their mother, was under undue influence at the time she executed the will (*see Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387, 394 [1877]; *Matter of Walther*, 6 NY2d 49, 53-54 [1959]). Objectants admitted that they had no direct knowledge that petitioner, their sister, was present for discussions concerning decedent's will or its execution. Objectants also failed to present evidence sufficient to raise a triable issue of fact as to decedent's mental capacity at the time of the will's execution. Decedent's attorney and numerous witnesses stated that decedent was capable of understanding the will, which was explained to her in detail by her counsel on several occasions prior to and during the date of its execution.

The court properly rejected objectants' claim that undue influence could be inferred by the confidential relationship between petitioner and decedent, her mother. A close familial relationship may operate to negate the inference, and objectants themselves acknowledged the closeness between decedent and petitioner (*see Matter of Zirinsky*, 43 AD3d 946, 948 [2d Dept 2007], *lv denied* 9 NY3d 815 [2007]).

Objectants' fraud claim is deficient, because it is based on speculation and hearsay. Further, objectants failed to present evidence that decedent would have disposed of her property differently but for the alleged misrepresentations (*see Matter of Ryan*, 34 AD3d 212, 215 [1st Dept 2006], *lv denied* 8 NY3d 804 [2007]).

The court providently exercised its discretion in discrediting the housekeeper's affidavit, since it conflicted with her deposition testimony and was largely based on hearsay (*see LoBianco v Lake*, 62 AD3d 590, 591 [1st Dept 2009]).

We have considered objectants' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Moskowitz and Kapnick, JJ.