■ In the Matter of the Estate of SHIRLEY A. WEST, Deceased. JOSEPH A. SMITH, Respondent, v PATRICK D. WEST et al., Appellants, et al., Objectant, et al., Respondents. [46 NYS3d 865]—

Decree, Surrogate's Court, New York County (Nora S. Anderson, S.), entered October 19, 2015, admitting a will to probate, and bringing up for review an order, same court and Surrogate, entered July 8, 2015, which granted proponent's motion for summary judgment dismissing the objections to probate, unanimously affirmed, with costs.

Proponent made a prima facie showing of due execution of the will, through the submission of the will's attestation clause, the self-proving affidavit of the attesting witnesses, and the testimony of the witnesses (*see Matter of Halpern*, 76 AD3d 429, 432 [1st Dept 2010], *affd* 16 NY3d 777 [2011]). In opposition, objectants failed to raise a triable issue of fact (*id.*).

Proponent also made a prima facie showing of decedent's testamentary capacity at the time of the will's execution, and objectants failed to present evidence sufficient to raise a triable issue of fact (*see Matter of Schlaeger*, 74 AD3d 405, 406 [1st Dept 2010]). The self-proving affidavit and testimony of the witnesses indicate that decedent was of sound mind on the day of the will's execution and had engaged in lucid conversation. The medical records concerning her hospitalization later that day do not indicate any mental infirmity sufficient to call her testamentary capacity into question, and, upon discharge, she was not diagnosed with dementia or other diminished mental capacity.

Surrogate's Court properly dismissed objectants' undue influ-

ence claim, as there was no evidence that proponent or the primary beneficiary took any action of a substantial nature that unduly influenced decedent to dispose of her property in a manner inconsistent with her wishes (see Matter of Walther, 6 NY2d 49, 54-56 [1959]). It is undisputed that decedent was an independent, strong-minded person, unlikely to act contrary to her desires.

Surrogate's Court properly determined that objectants failed to set forth a fraud claim, because they did not cite any false statements made to decedent that caused her to execute the will or to modify its provisions (see Matter of Eastman, 63 AD3d 738, 740 [2d Dept 2009]). Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Gesmer, JJ.