■ In the Matter of MICHAEL J. HARTOFILIS, as Preliminary Executor of NIKI SIDERIS, Deceased. AGATHA LOUIS et al., Respondent; GEORGE KAKRIDAS et al., Appellants. [53 NYS3d 541]—

Decree, Surrogate's Court, New York County (Nora S. Anderson, S.), entered May 13, 2016, granting probate to the Last Will and Testament of decedent Niki Sideris, dated October 19, 2000, and decree, same court and Surrogate, entered October 20, 2016, inter alia, directing appellants George Kakridas, James Kakridas, Konstantinos Kakridas, and Panagiota Kakridas, to transfer ownership and surrender possession of a certain condominium in Athens, Greece and its contents, and certain real property located in Laconia, Greece, to petitioners, executors of the estate, unanimously affirmed, without costs.

The determination whether to dismiss objections and admit a will to probate is within the discretion of the Surrogate's Court and will not be disturbed absent a showing of an abuse of such discretion (*McInerney v McInerney*, 79 AD3d 549 [1st Dept 2010], *lv denied* 16 NY3d 711 [2011]).

The court did not improvidently exercise its discretion in admitting the will to probate, despite the numerous minor errors in the document. Due execution was established by the will's attestation clause, the self-proving affidavit of the attesting witnesses, and the testimony of those witnesses, and of the attorney drafter and notary (*see Matter of West*, 147 AD3d 592 [1st Dept 2017]). As the court noted, the errors were not substantive, did not affect the dispositive portions of the will, and were adequately explained by the attorney drafter, who had no motive to lie (*see Matter of Snide*, 52 NY2d 193, 196 [1981]).

The court properly directed the turnover of decedent's property in Greece based on objectants' admission that the property belonged to decedent, her primary domicile was New York, and objectants' failure to challenge the court's jurisdiction (*see* SCPA 2103 [1] [a]). Concur—Friedman, J.P., Gische, Kapnick, Kahn and Gesmer, JJ.