■ In the Matter of the Will of MIRIAM SCHWARTZ, Deceased. GLORIA SCHWARZ, Appellant; ANDREA NAMANWORTH, Respondent. [61 NYS3d 892]—

Decree, Surrogate's Court, Bronx County (Nelida Malave-Gonzalez, S.), entered on or about September 6, 2016, admitting the decedent's will into probate, unanimously affirmed, without costs. Appeals from orders, same court and Surrogate, entered November 2, 2016, and on or about July 25, 2016; which granted proponent's motion for summary judgment dismissing the objections and denied objectant's motion and, insofar as appealed from, denied objectant's motion for reargument, unanimously dismissed, without costs, as subsumed in the appeal from the decree and nonappealable, respectively.

Proponent established prima facie that the decedent's will was duly executed by submitting the attesting witnesses' affidavits and the statements of the attorney who supervised the execution ceremony (*see* SCPA 1408; *Matter of Halpern*, 76 AD3d 429, 431 [1st Dept 2010], *affd* 16 NY3d 777 [2011]). Objectant failed to raise an issue of fact, citing no evidence of a material irregularity in the proceeding or of a lack of testamentary capacity on the decedent's part (*see Matter of Korn*, 25 AD3d 379 [1st Dept 2006]).

Nor did objectant raise an issue of fact as to undue influence or fraud (*see Matter of Schuman*, 132 AD3d 551 [1st Dept 2015]). The close familial relationship between the decedent and proponent counterbalances any inference of undue influence. Moreover, in light of the evidence that the decedent relied on proponent for assistance with daily living for a long time, her grant to proponent of a power of attorney does not shift the burden to proponent to explain the challenged bequests. In any event, proponent fully explained the bequests as a product of the decedent's grievances against objectant. As to fraud, objectant failed to present evidence of any false statements made to the decedent by proponent or her agents that caused the decedent to change her will.

No appeal lies from the denial of a motion for reargument (*see Lopez v Post Mgt. LLC*, 68 AD3d 671 [1st Dept 2009]).

We have considered objectant's remaining arguments and find them unavailing. Concur—Acosta, P.J., Friedman, Webber, Oing and Moulton, JJ.