| Matter of Shapiro |
|:---:|
| 2024 NY Slip Op 32752(U) |
| August 5, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2011-3472 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
Probate Proceeding, Will of

SAM M. SHAPIRO,

Deceased.
------------------------------------------------------------------------x

DECISION

File No.: 2011-3472

M E L L A, S.:

| Papers Considered | Numbered |
|---|---|
| Proponent's Notice of Motion by Petitioner Frank Lee, for Summary Judgment, dated December 7, 2023; Affidavit of Frank Lee, dated December 6, 2023; Affirmation of Robert H. Rosh, Esq., dated December 6, 2023, Attaching Exhibits | 1-3 |
| Memorandum of Law in Support of Motion | 4 |
| Affirmations of Ellen Werbin and of Arlene Woods, dated March 14, 2023, in Opposition to Motion, Attaching Exhibits | 5-6 |
| Memorandum of Law in Opposition to Motion | 7 |
| Reply Affirmation of Robert H. Rosh, Esq., dated March 26, 2024 | 8 |

At the call of the calendar on April 9, 2024, the court granted the motion of Petitioner Frank Lee (Proponent) for summary determination of his probate petition (CPLR 3212) and dismissed all of the objections filed by two nieces and a nephew of the decedent Sam Shapiro to the March 29, 2010 instrument offered for probate. The 2010 instrument solely benefits Proponent and nominates him as Executor.

Undisputed Facts

Decedent died on July 15, 2011 at age 89, survived by a brother and ten issue of his eight predeceased siblings. In 2007, after decedent had retired as a high school accounting teacher, he met Proponent, a renovation contractor, in the building in which they both resided on East 36th Street in Manhattan, and they became friends and travel companions. In 2009, the two traveled to Florida and visited decedent's brother and two of decedent's nieces. At some point, they also traveled to China together.

[* 1]

The parties dispute the circumstances which led to decedent's engaging Proponent's counsel to draft his will. However, there is no dispute that on March 2, 2010, Proponent drove decedent to the Summit, New Jersey offices of his attorney, Joseph Imbriaco (Imbriaco), who drafted the will. Imbriaco was deposed and produced his notes of meetings with decedent and the execution ceremony, as well as a memorandum he prepared in 2011, after the propounded instrument's execution.

Imbriaco's testimony established that he met with the decedent without anyone else present on March 2, 2010, and then did so again on March 15, 2010. During both meetings, decedent confirmed to Imbriaco his desire to leave his entire estate to Proponent and name him executor. Imbriaco also confirmed with decedent that he had executed a will previously, but it did not express his wishes.

The record shows that on March 25, 2010, Imbriaco sent to decedent a draft of the propounded instrument along with a health care proxy and power of attorney, which Imbriaco testified decedent wanted to execute in favor of Proponent. The cover letter sent with the draft documents noted Imbriaco's understanding, based on their conversations, that decedent understood that Imbriaco had represented Proponent in other matters and that decedent nevertheless wanted to proceed with Imbriaco's representation.

On March 29, 2010, a will execution ceremony was held at Imbriaco's New Jersey law offices, and Imbriaco testified that, consistent with his standard practice, only the witnesses, that is, himself and a legal secretary at his office, and decedent as testator were present at the execution ceremony, which comported with statutory requirements (EPTL 3-2.1). In addition to the offered will, decedent also executed on the same day a health care proxy and power of

2

attorney, naming Proponent as agent.

There is no proof that Proponent was aware of the power of attorney, the health care proxy, or their import until September of 2010, when Proponent signed them acknowledging his appointment as agent. Thereafter, the record indicates that Proponent may have assisted decedent with some medical appointments and helped coordinate with the social worker assisting decedent with the employment of home health aides that were needed to assist him as he became more frail toward the end of 2010. However, there is no indication that Proponent ever managed or controlled decedent's assets or finances.

Although Proponent admits to an initial conversation with Imbriaco and decedent regarding decedent's possible sale of his vacation residence in Woodstock, New York, to Proponent, the record establishes that in April of 2010, decedent, again working with Imbriaco without Proponent's involvment, deeded the Woodstock property to Proponent as a gift, reserving a life estate to himself in the property as Imbriaco has recommended. There has been no challenge to the validity of that deed.

Objectants, as noted, are two nieces and a nephew, who contend that the validity of the propounded instrument is suspect because decedent left his entire estate to Proponent, disinheriting all of his family members. They oppose probate on the grounds of decedent's lack of testamentary capacity, that the instrument was not duly executed as a will or was the product of duress, fraud, or undue influence. After conclusion of discovery, Proponent made the instant motion pursuant to CPLR 3212, seeking summary dismissal of all objections.

Discussion

The standards for summary judgment are well established and require movant to make a

3

[* 3]

prima facie showing of entitlement to judgment as a matter of law (*see Matter of Korn*, 25 AD3d 379, 379 [1st Dept 2006], *citing Matter of Seelig*, 13 AD3d 776, 777 [3d Dept 2004], *lv. denied* 4 NY3d 707 [2005]). In opposition, the court views the evidence in the light most favorable to the party opposing the motion, but to forestall dismissal the opponent must show through admissible, non-speculative proof, the existence of genuine issues of material fact requiring a trial (*see id.*; *see also Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Vega v Restani Const. Corp.*, 18 NY3d 499 [2012]).

On the record in open court, on April 9, 2024, the court found that Proponent made a prima facie showing of decedent's testamentary capacity through the contemporaneous affidavit of the attesting witnesses, their attestation clause and their SCPA 1404 examination testimony, all of which establish that decedent was of "sound mind" when he executed the instrument (*Matter of West*, 147 AD3d 592 [1st Dept 2017]; *see Matter of Korn, supra*). In light of the testimony of the individuals who were present at the time the will was executed concerning the testator's lucidity, the court found that the fact that decedent was elderly and was taking medication for Alzheimer's disease in 2011 did not provide a basis for the court to conclude that decedent lacked capacity on March 29, 2010 (*see Matter of Buchanan*, 245 AD2d 642 [3d Dept 1997]).

Nor did the court find that the fact that decedent failed to mention explicitly to Imbriaco that he had executed a testamentary instrument in 2004[1] or that decedent may have indicated to

---

1 Although Objectants complain that there is no indication decedent gave Imbriaco a copy of his penultimate 2004 will, but instead gave him an even earlier will from 1997, Imbriaco's testimony was clear that he confirmed with decedent that his prior will did not express his current testamentary wishes.

4

Imbriaco that he was one of 11 children, when he was one of ten,[2] created a bona fide issue about his capacity. Objectants failed to offer any medical evidence or an affirmation of someone with personal knowledge about decedent's mental capacity on or about March 29, 2010. Based on this record, the court concluded that Objectants failed to raise a material issue of fact requiring a trial on the issue of testamentary capacity and summarily dismissed the objection (*see Matter of Templeton*, 116 AD3d 781 [2d Dept 2014]).

The court also found that Proponent made a prima facie showing that the propounded instrument was duly executed, by means of the attestation clause, the contemporaneous affidavit of the attesting witnesses (SCPA 1406), and the SCPA 1404 examination testimony of Imbriaco, who was also a witness and supervised the execution of the propounded instrument, as well as the deposition testimony of the second witness (*see Matter of Llewellyn*, 135 AD3d 499 [1st Dept 2016]; *Matter of Falk*, 47 AD3d 21 [1st Dept 2007]). Through this proof and aided by the presumption of proper execution that arises when an attorney supervises the execution of the instrument, Proponent established that the instrument was executed in accordance with the requirements of EPTL 3-2.1 (*see Matter of Halpern*, 76 AD3d 429, 431 [1st Dept 2010]). Objectants' opposition papers are silent on the issue the lack of due execution. Under these circumstances, this objection was deemed abandoned and the court dismissed it (*see Genovese v Gambino*, 309 AD2d 832, 833 [2d Dept 2003] [lack of opposition to branch of motion was deemed abandonment of claim]; *see also MacKinnon v MacKinnon*, 245 AD2d 676,

---

2 It is unclear from this record whether the statement that decedent was one of 11 children was made by decedent himself. Imbriaco's handwritten notes from his first conversation with decedent contain the notation "originally 10 siblings," but in his letter to decedent attaching a draft of the propounded instrument, he wrote that decedent was one of 11 children. It is possible that Mr. Imbriaco misremembered the information provided by decedent or misread the meaning of his own notes in this regard.

5

677, n1 [3d Dept 1997]).

Proponent's evidence, including the testimony of Imbriaco, the notes that he took when he met with decedent and the other documents from Imbriaco's file, such as the cover letter sent to decedent along with the draft of the propounded instrument, establishes that the propounded instrument reflects the wishes of the decedent and was the product of his independent discussions with the attorney-drafter (*see Matter of Ryan*, 34 AD3d 212 [1st Dept 2006]). The court found this proof more than sufficient to establish Proponent's prima facie entitlement to summary judgment with respect to the undue influence objection (*see Matter of Cianci*, 165 AD3d 655 [2d Dept 2018]).

In opposition, Objectants attempt to raise an issue of fact by arguing that the propounded instrument was the result of Proponent's undue influence because he introduced decedent to Imbriaco, drove decedent to Imbriaco's office in New Jersey, and had a discussion with decedent and Imbriaco about the possibility of Proponent's purchasing from decedent his house in Woodstock. However, none of these actions by Proponent – even if taken together – are sufficient to raise a material triable issue as to the undue influence objection (*see Matter of Dorris*, 205 AD3d 630 [1st Dept 2022] [summary judgment granted to proponent where there was no nonspeculative evidence that respondent had any direct or indirect involvement in the preparation or execution of the will]; *Matter of Burrows*, 203 AD3d 1699 [4th Dept 2022]). Nor do the assertions of two of the Objectants that the only explanation for decedent's disinheritance of family members is Proponent's undue influence raise an issue of fact, as they are based on pure speculation, which is insufficient to defeat summary judgment (*Zuckerman*, 49 NY2d at 562; *see Matter of Hadden*, 188 AD3d 686 [2d Dept 2020] [conclusory allegations and

6

speculation insufficient to raise question of fact as to undue influence]). For these reasons, the court also summarily dismissed the objection that the will was the product of undue influence (*see Matter of Martinico*, 177 AD3d 882 [2d Dept 2019]; *see also Matter of Camac*, 300 AD2d 11 [1st Dept 2002]).

Finally, because Objectants' opposition papers were silent as to their objections that the instrument was the product of duress or fraud on the part of Proponent or other individuals, the court deemed those objections abandoned and dismissed them (*see Gary v Flair Beverage Corp.*, 60 AD3d 413, 413 [1st Dept 2009]; *Shepherd v Whispering Pines*, 188 AD2d 786, 790 [3d Dept 1992]).

This decision, together with the transcript of the April 9, 2024 proceedings, constitutes the order of the court.

Settle decree admitting the March 29, 2010 instrument to probate.

Dated: August 5, 2024

_____
SURROGATE

7