Matter of Neumann (2024 NY Slip Op 05062)

Matter of Neumann

2024 NY Slip Op 05062

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

File No. 4105/16 Appeal No. 2826 Case No. 2023-02876 

[*1]In the Matter of Dolores Ormandy Neumann, Deceased.

Belinda Neumann Donnelly, Petitioner-Respondent,
Kristina Neumann, Respondent-Respondent,

Levine Lee, New York (Scott B. Klugman of counsel), for Melissa F. Neumann, appellant.
Oved & Oved LLP, New York (Jonathan Gordon of counsel), for Belinda Neumann Donnelly, respondent.

Decree, Surrogate's Court, New York County (Rita Mella, S.), entered on or about May 24, 2023, which, to the extent appealed from as limited by the briefs, following a jury trial, admitted for probate an instrument dated March 4, 2015, as the Last Will and Testament of the decedent, unanimously affirmed, with costs.
The jury charge, which was in accord with the Pattern Jury Instructions, appropriately stated that the jury must first find that there was a confidential relationship between decedent and her daughter, Belinda, before Belinda was required to come forward with an explanation of the unequal bequest to her, and that Belinda's absence from the will execution ceremony was not dispositive on this question (see Matter of Neenan, 35 AD3d 475, 476 [2d Dept 2006]). Moreover, the record contained sufficient evidence explaining the unequal bequest to Belinda.
The court did not improvidently exercise its discretion in permitting decedent's doctor to testify as to her statements to him concerning her estranged husband's physical abuse of her many years prior to the drafting of the will, in that the statements explained why she sought to disinherit him (see generally Mazella v Beals, 27 NY3d 694, 709 [2016]), and because he was a party to the proceeding as an objectant.
A rational jury could conclude, based on the evidence presented, that Belinda did not exert undue influence on the decedent despite the unequal bequest to her sisters. The attorney-drafter provided a rational explanation for the distribution provided in the will and testified to decedent's intelligence and determination to have the will reflect her desires, despite her physical infirmities (see Matter of Korn, 25 AD3d 379, 380 [1st Dept 2006]). Furthermore, the close familial relationship between the decedent and Belinda was sufficient to counterbalance the inference of undue influence (see In re Will of Walther, 6 NY2d 49, 55 [1959]).
We have considered objectants' remaining arguments and find them unavailing.
Head align="center"> THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: October 15, 2024