| |
|---|
| **Matter of Mengoni** |
| 2025 NY Slip Op 33834(U) |
| October 10, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2018-784 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------x
Probate Proceeding, Will of

        FRED MENGONI,

              Deceased.
--------------------------------------------------------------------x

**ENTERED**

**OCT 1 0 2025**

DATA ENTRY DEPT
New York County Surrogate's Court

DECISION and ORDER
File No.: 2018-784

M E L L A, S.:

      The following papers were considered in deciding these motions for summary judgment:

| Papers Considered | Numbered |
|---|---|
| Objectants' Notice of Motion for Summary Judgment, Affirmations of Miranda Mengoni, A. Allen Towfigh, M.D., Pelle Hamburger, and Alan Effron, with respective Exhibits, and Memorandum of Law in Support of Motion | 1-6 |
| Petitioner's Notice of Motion for Summary Judgment, Affirmation of Brian P. Corrigan, with Exhibits, and Memorandum of Law | 7-9 |
| Petitioner's Memorandum of Law in Opposition to Objectants' Motion for Summary Judgment, Affirmation of Brian P. Corrigan | 10, 11 |
| Objectants' Memorandum of Law in Opposition to Petitioner's Motion for Summary Judgment | 12 |
| Objectants' Reply Memorandum of Law in Support of Their Motion for Summary Judgment | 13 |
| Petitioner's Reply Memorandum of Law in Further Support of Motion for Summary Judgment | 14 |

      At the call of the calendar on December 13, 2022, the court heard oral argument on cross-motions for summary judgment (CPLR 3212) in this proceeding to probate a testamentary instrument dated January 11, 2017 (Propounded Instrument), as the last will and testament of Fred Mengoni. Following the argument, the court determined the motions in part, marking the

[* 1]

balance of the relief sought for later determination. This decision memorializes the court's ruling from the bench and disposes of the remainder of the motions.[1]

Background

Decedent Fred Mengoni (decedent) died at age 94, on February 2, 2018. A petition to probate the aforementioned testamentary instrument was filed by the nominated executor, Charles Small, Esq., who is the attorney-drafter (Proponent). In Article FOURTH of the two-page instrument, decedent leaves his entire estate, estimated at $94 million at the time of his death, to Glory Jacinto (Jacinto), who is described in the Propounded Instrument as his "beloved Executive Assistant for more than twenty (20) years."[2] Small identified decedent's distributees as 23 individuals in a class of nieces and nephews and issue of predeceased nieces and nephews. Certain of these individuals, as well as other relatives and friends, are beneficiaries under an earlier testamentary instrument, executed more than 25 years earlier, on October 9, 1990, and filed with the court.

Objections to probate of the Propounded Instrument were filed by three beneficiaries of the 1990 instrument, Nazzareno, Federico, and Miranda Mengoni (Objectants), who interposed objections as to: 1) testamentary capacity; 2) undue influence; 3) fraud; and 4) due execution. Objectants further allege that the bequest of the residuary estate to Jacinto in Article FOURTH of the Propounded Instrument is void under EPTL 3-3.2 because it constitutes a beneficial

---

[1] After the oral argument, the court was informed that the parties were interested in mediating their dispute. Thereafter, the court issued an Order of Reference to Appropriate Dispute Resolution and the parties engaged in mediation for an extended period of time. The court has been informed that the mediation was unsuccessful and thus is memorializing its decision on the motions.

[2] If Jacinto does not survive decedent, Jacinto's granddaughter, Duanne Natalie Jacinto, who is now 18 years old, receives the residuary estate.

[* 2]

disposition to one of the two attesting witnesses, Samir Benhamdane – whom, according to information in this record, Jacinto married in 2015.

Motions for Summary Judgment

Proponent moved for summary judgment seeking dismissal of all objections, arguing that decedent had capacity, that the Propounded Instrument was duly executed and that Objectants had not presented support for their objections of undue influence or fraud, or their claim that the bequest to Jacinto is void under EPTL 3-3.2.

Objectants moved for partial summary judgment in their favor on two of their objections: first, that the will was procured by undue influence, and second, that the bequest to Jacinto is void pursuant to EPTL 3-3.2.

It is well settled that to prevail on a motion for summary judgment, the party moving for such relief must make a prima facie showing of entitlement to judgment as a matter of law, tendering enough evidence to demonstrate the absence of material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once established, the opposing party has the burden to produce evidence in admissible form that shows the existence of material issues of fact that require a trial to resolve (*see Zuckerman v New York*, 49 NY2d 557 [1980]).

Determination of Certain Objections from the Bench

*Capacity, Due Execution, and Fraud*

At the call of the calendar on December 13th, after hearing oral argument, the court granted Proponent's motion for summary determination of his probate petition and dismissal of the objections as follows.

3

[* 3]

The court determined that Proponent made a prima facie showing of decedent's testamentary capacity at the time of the Propounded Instrument's execution, through the contemporaneous affidavit of the attesting witnesses and their attestation clause as well as through the deposition testimony of those witnesses (*see Matter of West*, 147 AD3d 592 [1st Dept 2017]; *see also Matter of Schlaeger*, 74 AD3d 405 [1st Dept 2010]; *Matter of Neumann*, 210 AD3d 492 [1st Dept 2022] [presumption of testamentary capacity is created where there is a valid self-proving affidavit of the attesting witnesses]). In addition, the testimony of decedent's treating physician, based on his observations and interactions with decedent near the time of the will's execution, corroborates this showing (*see Matter of Llewellyn*, 135 AD3d 499, 500 [1st Dept 2016]).

The court further determined that Proponent made a prima facie showing of due execution, by means of the attestation clause, the self-proving affidavit of the attesting witnesses and their deposition testimony (*see Matter of West*, 147 AD3d 592; *Matter of Collins*, 60 NY2d 466 [1983]; *Matter of Natale*, 158 AD3d 579 [1st Dept 2018]). Through this proof, Proponent established that: the instrument was signed at the end by decedent, who signed in front of the witnesses; that decedent declared the instrument to be his will; and that there were two witnesses to the execution of the will who, at the request of the testator, attested to decedent's signature and who signed their names at the end of the instrument (EPTL 3-2.1[a]). The contemporaneous affidavit of the attesting witnesses also established that decedent was of legal age and sound mind and that he was under no constraint or undue influence at the time the instrument was executed. In other words, the proof provided by proponent established that the instrument was validly executed. The instrument was also drafted by an attorney, and its execution was attorney-

4

supervised, and it is thus entitled to the presumption that it was properly executed (*see Matter of Sanger*, 45 Misc 3d 246, 250 [Sur Ct, Nassau County 2014]; *see also Matter of Halpern*, 76 AD3d 429, 431 [1st Dept 2010], *affd* 16 NY3d 777 [2011]; *Matter of Moskoff*, 41 AD3d 481, 482 [2d Dept 2007]).

Finally, the court concluded that, through his proof, including the deposition testimony of the witnesses and their contemporaneous self-proving affidavit, Proponent also established that decedent "understood the terms of the will," and thus established his entitlement to judgment as a matter of law dismissing the fraud objection[3] (*see Matter of Rottkamp*, 95 AD3d 1338, 1340 [2d Dept 2012]).

In their opposition papers, Objectants did not address their objections based on lack of due execution, lack of testamentary capacity, or fraud.

Accordingly, the court granted Proponent's motion for summary judgment as to the lack of testamentary capacity, lack of due execution, and fraud objections and dismissed those objections.

*Undue Influence*

Proponent's motion for summary judgment with respect to the objection grounded on undue influence, however, was denied. Although Proponent established prima facie his entitlement to judgment as a matter of law on this issue, Objectants in their opposition papers presented evidence of: 1) Jacinto's communications with the attorney-drafter and with other

---

[3] Fraud is shown by a demonstration that someone knowingly made a false statement to the testator which caused him to execute a will that disposed of his property in a manner differently than he would have in the absence of that statement (*see Matter of Ryan*, 34 AD3d 212, 215 [1st Dept 2006], quoting *Matter of Evanchuk*, 145 AD2d 559, 560 [2d Dept 1988]).

[* 5]

lawyers around the time the Propounded Instrument was executed, 2) her procurement of the witnesses to the will, 3) her presence during the execution ceremony, and 4) her close relationship with decedent and his reliance on her for his care and the management of his affairs, including her status as health care proxy. The court concluded that this evidence was sufficient to raise material questions of fact that must be resolved at trial (*see* PJI 7:55 [the testator's physical and mental condition, the testator's contact with or isolation from family and friends, the testator's dependence upon the alleged undue influencer, the action, if any, taken by the alleged undue influencer to obtain execution of the propounded instrument, and the alleged undue influencer's whereabouts and actions at the time the will was executed are factors that may be considered when determining whether a will is the product of undue influence]; *see also Matter of Ryan*, 34 AD3d at 213; *Matter of Camac*, 300 AD2d 11 [1st Dept 2002]). For these same reasons, Objectants' motion for summary determination of their objection based on undue influence was also denied.

Objection Based on EPTL 3-3.2

The court had reserved decision on that part of the motions concerning the objection alleging that the bequest of the entire estate to Jacinto under the Propounded Instrument is void pursuant to EPTL 3-3.2, and now turns to it. By its terms, this objection does not allege that the instrument is invalid and instead claims that the Article FOURTH disposition "should be held inoperative and excised . . . if the Will is otherwise admitted to probate."

Case law, including appellate authority, has long recognized that the application and effect of EPTL 3-3.2 is a matter to be decided only after the will has been admitted to probate and that the determination often should await the executor's accounting (*see Matter of Wu*, 24

6

Misc 3d 668 [Sur Ct, New York County 2009]; *see also Matter of Beck*, 6 App Div 211, 214 [2d Dept 1896], *affd* 154 NY 750 [the question of whether an interested attesting witness forfeits their legacy by testifying as a witness "will come up when the witness seeks to retain [their] legacy"]; *see also Matter of Fracht*, 94 Misc 2d 664, 665 [Sur Ct, Bronx County 1978] [recognizing that, "in the majority of cases, the question of whether a disposition to an attesting witness is void is left for determination in an accounting proceeding"]).

The court is mindful of the line of cases that, for sound reasons, have determined the application of EPTL 3-3.2 "*simultaneously* with the admission of the will to probate" (*see Matter of Fracht*, 94 Misc 2d at 665-666 [emphasis added]; *Matter of Bloise*, NYLJ, Apr 5, 1995, at 1, col 3 [Sur Ct, Bronx County] [determining forfeiture and voidness of certain beneficial dispositions to attesting witnesses in the context of uncontested probate proceeding]), but those cases are distinguishable on that basis and do not provide support for Objectants' position that the decision in this case should be made now, before the validity of the Propounded Instrument has been determined. There might be circumstances in which the court ought not wait until the will is proved to be valid, but here the court does not find those present.[4]

Based on the foregoing, to the extent Objectants' motion requests a determination of the objection regarding the application of EPTL 3-3.2 at this time, the motion is denied. A party

---

[4] Incidentally, it is unclear whether Objectants would be parties to any determination of the applicability and effect of EPTL 3-3.2 on the bequest to Jacinto if the Propounded Instrument is admitted to probate following the trial on the undue influence objection. Objectants' claim is grounded in the argument that a spouse's (Benhamdane) serving as an attesting witness implicates the spouse-beneficiary's bequest because the beneficial disposition is essentially for both spouses. Not only would a determination of that contested issue need to be made, but the court would then need to construe Article FOURTH to the extent of whether the entire provision is void and would pass via intestacy or in some other manner, or whether the alternate beneficiary, Jacinto's granddaughter, would succeed to inherit. It is also an open question whether Objectants would have standing to interpose such claim of the beneficial disposition of Article FOURTH being void following the admission of the Propounded Instrument to probate.

7

with standing may raise the issue at a later time in a proper proceeding if the will is admitted to probate after the trial.

The motions having thus been fully resolved, the parties will be contacted for the scheduling of a pretrial conference.

Clerk to notify.

Dated: October 10, 2025

_____
SURROGATE

[* 8]